SAMUEL L. MASH

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 21, 1906.*

1. CRIMINAL LAW—*what is sufficient proof of age of inmate of house of ill-fame.* In a prosecution for permitting an unmarried girl under eighteen years of age to board in a house of prostitution, the uncontradicted evidence of the girl herself that she would be eighteen in the following November, which is corroborated by the competent testimony of the family physician who attended at her birth, is sufficient proof of her age even though part of the physician's testimony is incompetent.

2. SAME—*when exclusion of proper evidence will not reverse.* Exclusion of proper evidence will not work reversal where the fact sought to be shown by the excluded evidence is established by other testimony.

3. SAME—*improper remarks of court will not necessarily work reversal if the evidence of guilt is clear.* Improper remarks of the

trial court will not necessarily work reversal where the evidence leaves no reasonable doubt as to the guilt of the accused.

4. SAME—*excluding evidence which could not have changed the result will not work reversal.* Refusal to permit one accused of allowing an unmarried girl under eighteen to board in a house of prostitution, to prove his business card as a lawyer in the building and that there was a large card in the hall bearing the words "Ring the bell for the landlady," will not work reversal, where the evidence shows that the alleged landlady was a fictitious person, and that the accused received the rent for rooms and employed the girl to assign persons to rooms and receive the money therefor, which she paid over to him.

5. SAME—*when accused cannot complain of improper argument.* If counsel for the accused departs from proper argument, the accused cannot complain of an improper departure from argument by counsel for the prosecution in answer thereto.

6. APPEALS AND ERRORS—*improper remarks of counsel, not objected to, are not preserved for review.* Improper statements of counsel in the presence of the jury are not preserved for review where there are no objections or exceptions thereto in the record.

7. INSTRUCTIONS—*when giving an abstract instruction will not reverse.* In a prosecution for permitting an unmarried female under eighteen years of age to board in a house of prostitution, the giving of an instruction holding that "anyone who aids, abets, assists or encourages in the keeping or superintending of a house or of premises where prostitution, fornication or concubinage is allowed or practiced, is guilty as principal," will not work reversal.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

EDWARD H. MORRIS, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN J. HEALY, State's Attorney, and FRED L. FAKE, for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

At the September term, 1904, of the criminal court of Cook county an indictment was returned against plaintiff in error, Samuel L. Mash, charging him, under section 3, paragraph 7b, of the Criminal Code, (1 Starr & Cur. Stat. p. 1228,) with, on August 27, 1904, in said Cook county, "being then and there the keeper of a certain house of pros-

titution where prostitution was then and there allowed and practiced, the said house being then and there situated upon a certain location then and there commonly called No. 345 State street, in the city of Chicago, in the State of Illinois, did then and there unlawfully, corruptly and feloniously suffer and permit one Evelina St. John, then and there being an unmarried female under the age of eighteen years, and of the age of seventeen years, to then and there board in said house of prostitution," contrary to the statute, etc. Trial before a jury resulted in a verdict of guilty, and judgment was entered by the criminal court of Cook county sentencing the plaintiff in error to the penitentiary under the Indeterminate Sentence act. This is a writ of error sued out of this court to bring the said judgment into review.

It is not denied by the plaintiff in error that the proof showed the house described in the indictment was a house of prostitution, or that the said Evelina St. John lived in the said house at the time charged in the indictment, or that she was an unmarried woman, but the plaintiff in error contends that it was not shown by competent evidence that the said prosecuting witness was under the age of eighteen years, as charged in the indictment, and that the evidence failed to establish that the plaintiff in error was the keeper of the said house of prostitution.

The prosecuting witness testified, on direct examination, that she would be eighteen years of age on the 19th day of November, 1904, and that she had never been married. On cross-examination she testified that she did not know the year of her birth, but that her grandmother and her aunt had always told her that her age was seventeen years, and that she would be eighteen years of age the 19th day of November, 1904.

Dr. J. M. LaRocque, a witness called on behalf of the People, testified that he was a resident of Plattsburg, N. Y., and was the family physician for the family of the father of the prosecuting witness; that he attended Mrs. St. John,

mother of Evelina, at the birth of all of her nine children; that he had known the prosecuting witness from her birth, and that the day of her birth was the 19th day of November, 1886. The court excluded from the evidence a copy of the records of St. Peter's Church, in Plattsburg, N. Y. The witness was then asked, "Have you examined the records of the register of births in the village or city of Plattsburg?" to which question the plaintiff in error interposed a general objection, which was overruled by the court. Then the witness was allowed to testify as to the contents of the said register of births of the city of Plattsburg, without objection by the plaintiff in error. On cross-examination the witness stated that the only distinct recollection he had as to the date of the birth of the prosecuting witness was gained from the said church records, the register of births in the city of Plattsburg and the personal knowledge that he had of the family. Thereupon the plaintiff in error moved the court to strike out all the testimony given by the witness. The motion was properly overruled, for the reason a portion of the testimony was competent and admissible, and the motion asked that it all be excluded. The evidence of the prosecuting witness as to the date of her birth and her age, and the competent evidence of Dr. LaRocque on the same point, were sufficient to establish the age of the prosecuting witness to be less than eighteen years, especially where the record, as in this case, shows the witnesses were unimpeached and their testimony was entirely uncontradicted by any other evidence.

In September, 1903, prior to the commission of the alleged crime in July, 1904, the premises at 345 State street were leased to one Mrs. Louis James. The lessor being introduced as a witness on behalf of the plaintiff in error, testified that he had personally received the rent for the first and second months of the lease. The court, upon objection by the People, refused to permit the witness to testify as to who paid said two months' rent, and this ruling the plaintiff in error insists was error. Evidence was, however, intro-

duced showing subsequent payments of rent and the manner thereof, and this evidence disclosed that the payments were made by checks, signed "S. L. Mash, attorney for Mrs. Louis James." The object of the excluded evidence was to show that Mrs. James, or some person other than the plaintiff in error, paid the rent for the premises. The object of the excluded evidence was therefore accomplished by the subsequent testimony on the same point, and any benefit the plaintiff in error would have derived from the rejected evidence accrued to him from the subsequent evidence in the same behalf.

The plaintiff in error attempted to show that in the hall of the building at 345 State street there was a "large card, printed in large letters," which read, "Ring the bell for the landlady." A business card was also offered in evidence showing that plaintiff in error was an attorney at law, and that his place of business was 345 State street. It is contended by the plaintiff in error that this evidence was competent, and if admitted would have tended to show that the house was kept by a woman, the "landlady," and that the business carried on by the plaintiff in error at 345 State street was that of a lawyer. This was the theory of the plaintiff in error's defense. It clearly appeared from the evidence that Mrs. Louis James and Mrs. Mash, wife of the plaintiff in error, were one and the same person; that Mrs. James was wholly fictitious, and was merely a figurehead used to procure the lease of the premises, which the owner had refused to rent or lease to the plaintiff in error or to his wife, and that the name "Mrs. James" was employed for the purpose of concealing who was the real keeper of the house. The evidence established beyond a reasonable doubt that the plaintiff in error was the keeper of the house in question. Payments of rent for rooms were made to him. He employed the prosecuting witness, who acted for him in assigning persons to rooms, and all money received by her in payment for rooms was turned over to the plaintiff in error. The offered

evidence, if admitted, could not reasonably have changed the result, and its rejection must be considered as harmless. *Jennings* v. *People,* 189 Ill. 320.

The next contention of the plaintiff in error is, that the court made improper and prejudicial remarks, in the presence of the jury, during the progress of the trial, and that these remarks should work a reversal. It is to be regretted that the presiding judge indulged in some remarks appearing in the record, but we do not think the conviction should be reversed for this reason. It is the duty of the trial court to use great care to avoid remarks that may give the impression to the jury that he is more favorably inclined to one side than to the other, or that he attaches weight and importance to certain testimony. A court of review will not always hold improper remarks, although not approved, to be reversible error where the evidence leaves no reasonable doubt as to the guilt of defendant. *Featherstone* v. *People,* 194 Ill. 325.

Complaint is also made of certain statements of the State's attorney, made in the presence of the jury. No objection and exception appear in the record to many of the statements argued, and the complaint as to them is not preserved for review.

During the closing argument objection was made on behalf of the plaintiff in error to the following remarks of the State's attorney: "Counsel for the defendant told you of the defendant's wife waiting here in this court room to receive her husband a free man, and he has intimated what he could have proven by her if he had been permitted to put her on the stand. Mrs. Mash, the defendant's wife, is here in court. I am willing to put her upon the stand if the defendant will permit us to do it. The State is not afraid to have her tell; let's see how much it will help the defendant. It will send him to the penitentiary, that is what it will do. Mrs. Mash, come forward and take the witness stand." The quotation demonstrates that this was but in answer to an improper suggestion made by the attorney for the plaintiff

in error when addressing the jury. Counsel for plaintiff in error having first offended and thereby invited like departure from proper argument, cannot be heard to complain.

Two instructions asked on behalf of the plaintiff in error were refused by the court, and this action of the court is assigned for error. The first of these instructions related solely to the doctrine of reasonable doubt, and the second directed the jury as to the presumption of innocence in favor of the plaintiff in error, and also that the fact that an indictment had been found against the plaintiff in error was not to be taken as evidence of his guilt. The substance of both of these instructions was embodied in other instructions given at the request of the plaintiff in error, and the refusal to give them was not error.

It is urged the court erred in giving the following instruction:

"The court instructs the jury, as a matter of law, that any one who aids, abets, assists or encourages in the keeping or superintending of a house or of premises where prostitution, fornication or concubinage is allowed or practiced is guilty as principal."

This instruction, as an abstract proposition of law, correctly states the rule that all who are accessories to the commission of a crime are held as principals. It does not purport to state that any one who aids, abets, etc., in the operation of a house of prostitution is guilty of the crime charged in the indictment under which the plaintiff was put to trial, and is not, as argued by the plaintiff in error, faulty in that it ignores all the elements necessary to be found by the jury to warrant a conviction of the plaintiff in error.

The jury were fully instructed. The record is without substantial error, and establishes the guilt of the plaintiff in error of the crime charged in the indictment beyond all reasonable doubt. Under such circumstances the judgment of conviction must be affirmed. *Hoge* v. *People,* 117 Ill. 35.

*Judgment affirmed.*