## RAY RAYMOND

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed April 18, 1907.*

1. CRIMINAL LAW—*when age of inmate of house of ill-fame is sufficiently established.* The age of an inmate of a house of ill-fame is sufficiently established by her own testimony upon the point where there is no contradictory proof except her own admissions out of court, since the question whether and to what extent, if any, such admissions affect the credibility of the witness is for the determination of the jury.

2. SAME—*when proof of a conversation out of presence of accused is admissible.* In a prosecution for permitting a girl under lawful age to be an inmate of the defendant's house of ill-fame, proof of a conversation, not in the presence of the defendant, between the girl and a woman who induced her to go to defendant's house is properly admitted, where the conduct of the defendant and the woman tends to show that there was a conspiracy between them to induce young girls to come to the defendant's house and that the woman was acting for the defendant as a procuress.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

JOHN C. KING, and WILLIAM J. KING, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN J. HEALY, State's Attorney, (D. AVERY KIMBARK, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

The grand jury of Cook county returned an indictment into the criminal court of said county at the November term, 1905, against the plaintiff in error, Ray Raymond, charging her with being the keeper of a house of prostitution in the city of Chicago and suffering and permitting Elizabeth Curry, an unmarried female under the age of eighteen years,

226—28

to then and there become an inmate of and to live in said house of prostitution, contrary to the statute in such case made and provided. A plea of not guilty was entered, and a trial resulted in a verdict of guilty against the defendant, upon which verdict the court entered judgment, after over-ruling motions for a new trial and in arrest of judgment, sentencing the defendant to the penitentiary for an inde-terminate period.

The first contention made by the plaintiff in error as ground of reversal of the judgment of conviction is, that the verdict is against the weight of the evidence. It is not denied that the plaintiff in error was the keeper of a house of prostitution in the city of Chicago and that said Elizabeth Curry was an inmate thereof, but it is said that the evidence fails to show that she was under the age of eighteen years during the time that she was an inmate of said house of prostitution. The undisputed evidence shows that the said Elizabeth Curry was living in the city of Grand Rapids, Michigan; that her mother died in that city and that she then went to Chicago to reside with her married sister; that soon after she arrived in Chicago she obtained em-ployment in the store of Rothschild & Co.; that while she was working at said store she became acquainted with a young woman by the name of Marie, who induced her to go to the place of the plaintiff in error in the city of Chi-cago, where she remained ten days, when she left the plain-tiff in error's house. The State called Elizabeth Curry as a witness, and she testified she was sixteen years of age on the preceding 30th day of August. When cross-examined she said she knew her age, and that she learned the date of her birth from her mother and father, and that the date given by her was the correct date of her birth, and that she was but sixteen years of age during the time she was an inmate of the plaintiff in error's place. She, however, admitted that she stated to Rothschild & Co., when she sought employment, to enable her to obtain the situation,

that she was over eighteen years of age, and that she made the same statement to a newspaper reporter who called at plaintiff in error's place, while she was an inmate thereof, upon business connected with the newspaper he represented, and to the housekeeper of the plaintiff in error, by reason of the fact that she had been instructed by the woman Marie to say she was nineteen years of age or they would not let her stay in said house of prostitution and the police would be after her, the said Marie. The testimony of said Elizabeth Curry as to her age was not contradicted by any other witness, and she was a competent witness to testify to that fact. (*Chicago and Alton Railroad Co.* v. *Lewandowski,* 190 Ill. 301.) The question of the age of the prosecutrix was a question of fact to be passed upon by the jury, and they having found upon that question against plaintiff in error, this court cannot overrule their finding in view of the evidence found in this record. The fact that Elizabeth Curry had made statements out of court as to her age which were inconsistent with the statements made by her while upon the witness stand went only to her credibility, and did not have the effect to destroy her testimony.

It is next urged the court improperly modified, and then gave to the jury, the following instruction offered upon behalf of the plaintiff in error. The modification was made by inserting in the instruction the words italicized in the instruction. The instruction, as given, reads as follows:

"The court instructs the jury that one of the modes of impeaching a witness is by showing that he has made statements out of court at variance with his statements on the witness stand; and if the jury believe, from the evidence, that any witness in this case has made statements at other times and places at variance with his or her evidence in this case, then it is the province of the jury to determine *whether, and if so* to what extent, this fact tends to impeach his or her memory or credibility or detracts from the weight which ought to be given to his or her testimony."

We are of the opinion that the modification was properly made. It was for the jury to say, under all the circumstances of the case, whether the statements made by Elizabeth Curry out of court as to her age tended to discredit her testimony, and if they did, to what extent her testimony was discredited thereby. The jury might readily have believed that the statements made by Elizabeth Curry as to her age to Rothschild & Co., the newspaper reporter and the plaintiff in error's housekeeper were made under such circumstances as not to in any way impair the weight of her testimony, and if they took such view of her testimony it would have been error for the court, by an instruction, to have attempted to control such view. The effect upon her testimony of said contradictory statements was properly left by the court to the jury, which was done by said instruction as modified and given.

It is lastly contended that the court erred in admitting in evidence a conversation between Elizabeth Curry and the woman Marie, had out of the presence of the plaintiff in error. The State's attorney, in his opening statement, stated to the jury he would "prove that the defendant had a young woman in the city of Chicago acting as a procuress, and that the defendant and the said procuress were engaged in a conspiracy in getting inmates for a house of prostitution in South Chicago, and that the prosecuting witness was induced by the procuress to go to South Chicago in pursuance of a conspiracy between her and the defendant." Elizabeth Curry testified that the woman Marie asked her to go with her to visit some friends of hers in South Chicago, and that she told her to say she was nineteen years old, because if she was not nineteen years old they would not let her stay there, and that the police would be after her (Marie); that they went to South Chicago and to the home of the plaintiff in error; that she took a seat in the parlor; that the woman Marie went up-stairs to talk with Mrs. Raymond; that they talked in the room where she was after they came

down, but she could not hear what they said; that Marie then went away and Mrs. Raymond talked very nice to her and took her up-stairs and showed her her room, and told her how she should treat men when they called upon her, and what her charges should be, and gave her a short dress to put on, and then left her; that she stayed at the house of the plaintiff in error for ten days; that men called upon her and went to her room with her and paid her money, which she paid to Mrs. Raymond; that when she left Mrs. Raymond's place Mrs. Raymond gave her eight dollars.

We are unable to see wherein the court erred in admitting in evidence the conversation above referred to between the prosecutrix and the woman Marie. By reason of what the woman Marie said to the prosecutrix she was lured to the place of plaintiff in error. On their arrival the woman Marie left the house and the plaintiff in error received the prosecutrix into her house and started her upon a course of vice, instructing her fully in the manner in which she was to work her patrons and make her gains, which she was to divide, and did divide, with the plaintiff in error. We think from the conduct of the plaintiff in error and the woman Marie that there was a prior understanding between them that said Marie was to act as a procuress to induce young girls to enter the place of the plaintiff in error for the purpose of prostitution, and that the court was justified in holding that the plaintiff in error and the woman Marie were acting together in enticing the prosecutrix to enter the place and become an inmate of the house of prostitution kept by the plaintiff in error, and the conspiracy having been established, everything said and done by each of the conspirators in execution or furtherance of the common purpose was deemed to have been said and done by each of them. *Lasher* v. *Littell,* 202 Ill. 551.

Finding no reversible error in this record the judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*