(No. 16237.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KENNETH PENNELL, Plaintiff in Error.

*Opinion filed December 16, 1924.*

1. CRIMINAL LAW—*error in instruction is waived if not pointed out.* An assignment of error as to the giving and refusing of instructions must be deemed to have been waived where no argument is presented showing wherein it is contended the error lies.

2. SAME—*when new evidence is not sufficiently conclusive to warrant new trial.* In a prosecution for statutory rape, where the girl and her father have testified as to her age, certified copies of a petition and order in a dependency proceeding finding three children of *George* Kreitner to be dependent and giving their ages are not sufficiently conclusive to warrant a new trial where the father's name is *John* Kreitner, and where there is no finding of the date of birth of any of the children and nothing in the affidavit for continuance showing that the father named in the dependency proceeding was the same person as the witness John Kreitner.

3. SAME—*what newly discovered evidence will warrant a new trial.* To warrant a new trial on the ground of newly discovered evidence the evidence must appear to be of such conclusive character as will probably change the result if a new trial is granted;

it must have been discovered since the trial; it must be such as could not have been discovered before the trial by the exercise of due diligence; it must be material to the issue; and it must not be merely cumulative to the evidence offered on the trial.

4. SAME—*witness may testify as to his own age.* In all cases where one testifies as to his own age his testimony is, in a sense, hearsay, but that fact does not of itself affect the competency nor the weight of that testimony.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. HARRY C. STUTTLE, Judge, presiding.

WILLIAM N. HAIRGROVE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CARL E. ROBINSON, State's Attorney, and JAMES B. SEARCY, for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted on two counts charging him with the rape of Jennie Kreitner. The first count charged rape by force and against the will of the complaining witness, and the second count charged statutory rape, alleging that on the 17th day of June, 1923, plaintiff in error was a male person of the age of seventeen years and upwards and that Jennie Kreitner was a female person under the age of sixteen years and not the wife of Pennell. The jury found plaintiff in error not guilty on the first count and guilty on the second count, and fixed his punishment at one year in the penitentiary.

The only controversy here concerns the age of the complaining witness. All other charges in the second count of the indictment are admitted. She testified that she was born on the 14th day of July, 1907. Her father, John Kreitner, also testified that she was born on that day. His testimony shows that he is a foundry worker, living in St. Louis,

Missouri; that he is the father of the complaining witness and six other children and that one was drowned in 1922; that his wife died in 1909. He gave the month and year of his wife's death and also the date of the birth of the three youngest children, the complaining witness being next to the youngest. He was unable to give the exact date of the birth of the other children, and counsel therefore argues that his evidence is not of a convincing character. There was no contradiction, on the record, as to the age of the complaining witness. The jury were justified in returning a verdict of guilty on the second count.

Plaintiff in error assigned as error the giving and refusing of instructions, but as no argument is presented showing wherein it is contended the error lies he will be deemed to have waived that assignment of error.

On motion for a new trial one of the grounds urged was that of newly discovered evidence. It was set out in the motion that since the trial of the case the defendant had discovered that the record of the county court of St. Clair county, in the State of Illinois, in a dependency proceeding relative to the complaining witness, shows that on the 18th of January, 1917, the witness was ten years of age, and it is argued that this evidence is conclusive on that question. Attached to the motion for a new trial are certified copies of the petition and order in the dependency matter. The petition is signed by J. K. Ewing, and sets out "that Carrie, Jennie and George Kreitner, children of the age of eleven, ten and eight years, respectively," are dependent. The order of the court finding such children dependent is in the words of the petition as to the ages of the children, "that Carrie, Jennie and George Kreitner, of the ages of eleven, ten and eight years, respectively, are now within said county and * * * are dependent," etc. The order finds the father of the children to be George Kreitner. There is no finding of the date of birth of any of the children and nothing in the affidavit for continuance showing that the father, who by

the county court was found to be George Kreitner, was the same person as the witness John Kreitner, who testified that he was the father of the complaining witness. Neither the certified copy of the order of the county court nor the petition, or both, if admissible, show conclusively that the witness John Kreitner and the complaining witness were wrong when they stated that the latter was born on July 14, 1907.

An application for new trial on the ground of newly discovered evidence must, in order to justify its allowance, fulfill the following requirements: (1) The evidence must appear to be of such conclusive character as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; and (5) it must not be merely cumulative to the evidence offered on the trial. *People* v. *LeMorte,* 289 Ill. 11; *People* v. *Williams,* 242 id. 197; *Henry* v. *People,* 198 id. 162.

It is argued that the testimony of the complaining witness was hearsay evidence; that she knew only what her father had told her concerning her age; and that while such testimony is competent it is to be taken as of little weight. It is, of course, recognized in all cases where one testifies as to his own age that in a sense his testimony is hearsay, but that fact does not of itself affect the competency nor the weight of that testimony. *Raymond* v. *People,* 226 Ill. 433; *Mash* v. *People,* 220 id. 86.

The court did not err in denying the motion for a new trial.

There being no error in the record, the judgment will be affirmed.

*Judgment affirmed.*