Vaughn R. Shellabarger, Individually and for use of Michigan Fire and Marine Insurance Company, Appellees, v. F. J. Jacobs, Appellant.

Gen. No. 9,348.

at the October term, 1942. Heard in this court Opinion filed October 29, 1942.

· CARSON & APPLEMAN, of Urbana, for appellant; JOHN ALAN APPLEMAN, of Urbana, of counsel.

EDWIN W. SALE, of Champaign, for appellees.

MR. JUSTICE DADY delivered the opinion of the court.

This appeal is presented on an agreed statement of the facts submitted and procedure adopted in the trial court.

The case grows out of an automobile accident.

Plaintiff will be referred to as "Shellabarger," The Michigan Fire and Marine Insurance Company as "Mich. Ins. Co.," the defendant as "Jacobs," and Union Indemnity Company as "Indemnity Co."

On June 13, 1940, the automobiles of Shellabarger and Jacobs collided with each other while traveling in opposite directions. Shellabarger carried insurance in the Mich. Ins. Co., with $25 deductible. Jacobs carried insurance in the Indemnity Co.

On July 6th or 9th Shellabarger settled with the Mich. Ins. Co., as his insurer, for the sum of $350 and gave such company a written subrogation receipt signed by him, by which he subrogated such company to all of the rights, claims and interests which he might have against any person or corporation for his loss and authorized such company to sue therefor in his

name. Such receipt was admitted in evidence and is dated July 9, 1940. Shellabarger testified he executed the same in blank on July 6th, and thereafter received the $350. There is a dispute as to whether he signed such receipt on July 6th or 9th, but we consider the difference in dates immaterial.

On July 8, 1940, Shellabarger executed and gave to one Palmer, as agent for the Indemnity Co., a general release, releasing Jacobs from all liability, and Shellabarger received therefor $130 from the Indemnity Co.

On May 10, 1941, this suit was filed in the circuit court by Shellabarger for the use of Mich. Ins. Co. to recover damages in the amount of $350 for alleged damages to Shellabarger's automobile as a result of such collision. The complaint set up such subrogation receipt.

On June 5, 1941, Jacobs filed his motion to strike the complaint and dismiss the suit on the ground that Shellabarger had executed such general release. This motion was heard and taken under advisement by the court on July 11, 1941. On such hearing Shellabarger disaffirmed such release on the ground that he was a minor at the time he executed it, and he so testified. He did not and has not tendered back to Jacobs or the Indemnity Co. any part of the $130 he so received.

On June 10, 1941, Jacobs filed a counterclaim and demand for jury trial. On July 14, 1941, Shellabarger filed his answer to the counterclaim. On August 5, 1941, the court denied the motion to strike and dismiss.

Thereafter, over the objection of Jacobs and of Shellabarger as such counter-defendant, the court, on its own motion, severed the trial on the complaint and counterclaim, setting the complaint for trial before the court and the countercomplaint for trial before a jury.

On October 22, 1941, a jury found in favor of Shellabarger as counter-defendant, and judgment was entered in his favor as counter-defendant.

On November 4, 1941, Jacobs filed a plea of setoff and recoupment in the matter of the complaint.

On November 19, 1941, Shellabarger, individually, filed an amendment to the complaint adding a count for personal injuries received by him in the collision. The answer of Jacobs filed to the original complaint was ordered to stand as his answer to the complaint as amended.

On November 19, 1941, the court, without a jury, heard evidence in support of the complaint as amended. The court found for Shellabarger individually in the amount of $130, and under the plea of setoff and recoupment found in favor of Jacobs in the amount of $130, so that one finding balanced the other. The court found in favor of Shellabarger for the use of Mich. Ins. Co. in the amount of $275. Thereafter judgment was entered on such findings.

Jacobs contends the court erred in denying him a jury trial on the hearing of the complaint as amended. It will be noted that he filed his motion to dismiss on June 5th, which amounted to a general appearance. He did not file any jury demand until June 10th, which was five days after he had entered such general appearance by filing the motion to dismiss. Section 64 of the Civil Practice Act (ch. 110, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.064]), provides that ''A defendant desirous of a trial by jury shall make such demand and file the same at the time of filing his appearance; otherwise such party shall be deemed to have waived a jury.'' The court did not err in denying such motion of Jacobs for a trial by jury. (*Standard Oil Co. v. Town of Patterson*, 300 Ill. App. 385.)

Jacobs next contends that because of the general release Shellabarger had no right to disaffirm the release and that Shellabarger, both individually and for the use of the Mich. Ins. Co., is barred from any recovery.

Under this contention Jacobs claims that the court erred in admitting in evidence a copy of the purported birth certificate on the ground that a proper founda-

tion had not been laid for its admission. This certificate purported to show that Shellabarger was born in Tennessee on October 19, 1919. This ruling of the court we consider immaterial for the reason that Shellabarger was competent to testify as to his age. (*People v. Pennell*, 315 Ill. 124; *Raymond v. People*, 226 Ill. 433.) He testified that at the time he signed the general release he was aged 20 years, and there was no testimony to the contrary.

It is claimed that both Shellabarger and Mich. Ins. Co. were guilty of fraud in inducing Jacobs, through the Indemnity Co., to pay the $130 which Shellabarger received at the time of the execution of the general release.

As to the Mich. Ins. Co. it appears that on June 13, 1940, Shellabarger executed and forwarded to the Indemnity Co. an instrument labeled ''Claimant's Report'' and ''Personal Injury Report.'' He testified that the handwriting on such instrument, except his signature, was the handwriting of one Estergard, that Estergard worked for the System Finance Company in its offices, and that the System Finance Company were agents of the Mich. Ins. Co. Estergard thus aided Shellabarger in filling out the blank places in the report. In such report Shellabarger's age was written in as 21 years. It is claimed that in so giving such age Shellabarger was guilty of a fraud, and that the Mich. Ins. Co., through Estergard, aided in the perpetration of such fraud. This is the only basis for any claim of fraud against the Mich. Ins. Co. The fact that Estergard was employed in the office of the System Finance Company and that the latter were agents of the Mich. Ins. Co. does not prove that Estergard was an agent of the Mich. Ins. Co. Assuming that he was in fact such an agent, there is no evidence tending to prove that in helping Shellabarger fill out such report he, Estergard, was acting within the scope of his authority as agent for the Mich. Ins. Co. Moreover, there is no evidence showing or tending to show that Estergard knew

the age of Shellabarger, except as he was advised by the latter. We find no evidence tending to prove Mich. Ins. Co. guilty of any fraud.

As to Shellabarger, we do not find any evidence tending to show that Shellabarger wilfully or fraudulently misrepresented his age in so filling out and forwarding such report.

Being in fact a minor at the time of executing such general release, Shellabarger had two years after he became of age within which to disaffirm such release. (*Chicago Tel. Co. v. Schulz,* 121 Ill. App. 573; *Wright v. Buchanan,* 287 Ill. 468.) Inasmuch as Shellabarger was in the army it is claimed he was emancipated. Emancipation did not prevent him from asserting the right to disaffirm. (*Wuller v. Chuse Grocery Co.,* 241 Ill. 398.) If a minor has lost or expended the consideration so that he cannot return it, he is not bound to make restitution before commencing suit. (*Wuller v. Chuse Grocery Co., supra.*) Shellabarger testified that he did not have in his possession or control any of the $130 he received on the general release. There was no testimony to the contrary. This testimony we believe was sufficient to justify the trial judge in believing that it was not within the power of Shellabarger to make any restitution.

In 27 Am. Jur. 773, it is said, "After an infant has disaffirmed a contract, anyone may take advantage of such disaffirmance."

It is our opinion that Shellabarger had a lawful right to disaffirm this release, and that when he did disaffirm the same it at once became null and void and did not bar Shellabarger from a recovery either individually or for the use of the Mich. Ins. Co.

The judgment of the circuit court is affirmed.

It has been necessary for the appellees to file an additional abstract. The cost of such abstract will be taxed against the defendant appellant.

*Affirmed.*