(No. 30608.—

The People of the State of Illinois, Defendant in Error, *vs.* Jesse Small, Plaintiff in Error.

*Opinion filed September 24, 1948.*

Jesse Small, *pro se.*

George F. Barrett, Attorney General, of Springfield, (Samuel J. Naylor, State's Attorney, of Carthage, of counsel,) for the People.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiff in error, Jesse Small, was indicted in the circuit court of Hancock County, at the October term, 1946, for the crime of grand larceny. He was arraigned on January 20, 1947, and entered a plea of guilty to count 1 of the indictment. He was admonished as to the consequences of his plea, but persisted therein, and was by the court adjudged guilty. On the same day, January 20, plaintiff in error made a plea for probation and, after recommendation of the probation officer, the court approved his report and Small was admitted to probation for one year and the cause continued for such period. On May 2, 1947, the probation officer filed a report showing he had violated his probation, and on May 9, 1947, being present in open court and it appearing he had violated the terms and conditions of his admission to probation, the same was, by order of the court, set aside. It was further ordered by the court that plaintiff in error, on his plea of guilty to grand larceny, be sentenced to the penitentiary for a period of from one to ten years with a recommendation that he serve a minimum of six and a maximum of ten years. Appearing *pro se,* he prosecutes this writ of error.

As grounds for reversal plaintiff in error contends (1) that the trial court erred in revoking probation in the absence of defendant and in the absence of a rule to show cause; and, (2) that the court erred in imposing a sentence that is erroneous and contrary to law.

As to his probation being revoked in his absence, the record discloses plaintiff in error was present in his own proper person, and, it appearing to the court that he had violated the provisions of his probation, the same was set aside. From this record, which imports verity, matters must have been presented sufficient to warrant the court in setting aside the order admitting plaintiff in error to probation. In any event, the admission to probation of a person found guilty of a crime is purely statutory and rests in the discretion of the trial court. The right to

review orders revoking orders admitting a defendant to probation is likewise purely statutory. Jurisdiction "finally to hear and determine" such orders on review, is conferred solely upon the Appellate Court. (*People* v. *Kuduk,* 388 Ill. 248.) Section 15 of the Probation Act (Ill. Rev. Stat. 1945, chap. 38, par. 798,) gives jurisdiction to the Appellate Courts of the State finally to hear and determine all appeals and writs of error to review any order changing, modifying or terminating the probation period. This court is, consequently, without jurisdiction to decide the propriety of the challenged order revoking the earlier order admitting defendant to probation. *People* v. *Bruno,* 395 Ill. 382. ·

Plaintiff in error filed a motion to strike the corrected record and additional abstract filed by defendant in error, which was for the purpose of speaking the truth, and which disclosed that plaintiff in error received a hearing in open court at the time his probation was set aside and he was sentenced. This record fully disclosed such hearing. It is contended, however, that the correction of the record was a nullity in the absence of notice to the defendant, and the case of *People* v. *Wos,* 395 Ill. 172, is cited in support thereof. We fully agree with what was said there, however, even though the amendment of the judgment was unauthorized, this would be of no benefit to plaintiff in error, as the record discloses he was sentenced in the original order on his plea of guilty to the crime of grand larceny, which order is still in force and effect without correction, and from the order setting aside his probation no appeal was taken.

This brings us to the principal contention of plaintiff in error that the sentence he received, which is in the same language in both the original and corrected order, is indefinite and uncertain in that it does not disclose whether the sentence is one to ten years or six to ten years. This question under very similar facts has been determined in the case of *People* v. *Rogers, post,* p. 53, decided at this

term, and we there held the language of the judgment was uncertain and indefinite and it was necessary to remand the cause for a proper sentence.

There is nothing in the judgment in the instant case to indicate whether the court intended to exercise the discretion vested in it by the 1943 amendment. If the recommendation was intended as an exercise of the discretion vested in the trial court as to the penalty under the provisions of section 2 of the Parole Act, the judgment of the court should so indicate. *People* v. *Jackson,* 399 Ill. 488.

Under the circumstances here, plaintiff in error is entitled to have the judgment, sentencing him to the penitentiary, so specific and certain that he will be able to know the limits of its duration. The judgment, therefore, is reversed and the cause remanded to the circuit court of Hancock County, with directions to enter a proper sentence.

*Reversed and remanded, with directions.*