People of the State of Illinois, Plaintiff-Appellee, v. Phillip Davis, Defendant-Appellant.

Gen. No. 52,989.

First District, Fourth Division.

June 11, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Theodore A. Gottfried, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from a sentence of two to five years in the Illinois State Penitentiary after revocation of probation. The sole contention on appeal is that the sentence is excessive.

The facts are not in dispute. On March 21, 1967, the defendant and two companions pleaded guilty to robbery. At the hearing in aggravation and mitigation it was pointed out that defendant had no criminal record, and the State recommended a sentence of one to four years. The court admitted defendant to probation for five years on condition that he serve the first 120 days in the House of Correction.

On September 27, 1967, defendant was found guilty of theft and sentenced to a term of one year in the House of Correction. The theft occurred on August 29, 1967, and involved the beating of the victim and the taking of his wallet. On the basis of that conviction and the surrounding facts, defendant's probation was revoked and he was sentenced to a term of two to five years in the penitentiary to run concurrently with the one year sentence for theft.

At the hearing on the violation of probation defendant testified that he was married and had an eighteen-month-

old daughter who lived with his wife in Kentucky; that he had been having marital problems and was under considerable emotional strain; that he had been working at Coleman Electric but had left. Just eight months before he had certified to the probation department that he was single and had no children.

Opinion

The test for determining whether a sentence is excessive was set forth by the Illinois Supreme Court in People v. Miller, 33 Ill2d 439, 211 NE2d 708, at page 444:

> "Where it is contended that the sentence imposed in a particular case is excessive, though within the limits prescribed by the legislature, we will not disturb the sentence unless it clearly appears that the penalty constitutes a substantial departure from the fundamental law and its spirit and purpose, or that it is not proportioned to the nature of the offense. (People v. Smith, 14 Ill2d 95.)"

See also People v. Taylor, 33 Ill2d 417, 424, 211 NE2d 673.

In the instant case the violation was not of a technical nature, rather it involved the commission of a crime in which violence occurred. Further, it was committed within five months after defendant was released on probation. The sentence was within the limits prescribed by the legislature.* In light of these circumstances we find no reason to reduce the sentence.

Affirmed.

ENGLISH and McNAMARA, JJ., concur.

---

* Ill Rev Stats, 1965, c 38, § 18–1(b):

(b) Penalty.

A person convicted of robbery shall be imprisoned in the penitentiary from one to 20 years.