**People of the State of Illinois, Appellee, v. James Smith and Norman Rich, Defendants-Appellants.**

Gen. No. 68–43.

Fifth District.

July 8, 1969.

Robert J. Hillebrand, of East St. Louis, for appellants.

Robert H. Rice, State's Attorney of St. Clair County, of Belleville (William R. Poston, Assistant State's Attorney, of counsel), for appellee.

MORAN, J.

James Smith and Norman Rich were arrested on May 25, 1967, and later tried in a joint prosecution for burglary. The jury found them guilty on September 15, 1967, and on October 9, 1967, the Circuit Court of St. Clair County entered judgment and sentenced defendant Smith to the Penitentiary for ten to twenty years and defendant Rich for five to twenty years. Both defendants appeal from the judgment and the sentences.

At 9:30 a. m. on May 25, 1967, Patrolman Harold Moore, while off duty from the East St. Louis Police Department, noticed a black Chevrolet station wagon parked by a vacant house. Such a car had been reported to be involved in several burglaries in the area. Therefore, Patrolman Moore circled the area and put himself in position to see two men in the rear doorway of the vacant house with the door open. He recognized one as Norman Rich whom he had known previously. At the trial he identified James Smith as the second man.

After spotting the defendants, Patrolman Moore recircled the area. Upon returning to the vacant house, he saw Rich backing the station wagon up to the back porch. He then watched as Rich stopped the car and both defendants entered the house through the back door. Not desiring to approach two suspects by himself, Patrol-

man Moore left to call for assistance. He returned about twenty minutes later with Lieutenant O'Sullivan. While returning, he saw the station wagon being driven in another direction. He and Lieutenant O'Sullivan followed in this direction, found defendants with the station wagon and arrested them.

Later Lieutenant O'Sullivan determined from the owner of the vacant house that an air conditioner and an exhaust fan were missing and got their serial numbers. He went to Rich's house, which was about four blocks away from the burglarized house, and found the stolen items there. Mrs. Rich told him they were not hers and offered no objection to their removal.

It was discovered that the station wagon was owned by Rich's brother.

The jury found both defendants guilty. The court entered judgment on the verdicts, overruled the post-trial motions of both defendants, and denied probation after a hearing in aggravation and mitigation and for probation.

On appeal, defendants argue that they were not sufficiently identified as a matter of law so as to find them guilty beyond a reasonable doubt; that certain evidence was improperly introduced at the probation hearing; that the remarks of the court at the time of sentencing showed undue prejudice; and that the sentences are excessive.

Defendants' first contention is based on the fact that James Flannery, one of the owners of the burglarized house, testified that there is no way to see the rear door from the front of the house. They argue that it was, therefore, impossible for Patrolman Moore to identify two men at the rear of the house. However, this argument ignores Patrolman Moore's testimony that he placed himself in position to see them. It should also be emphasized that even though he had been a member of the Police Department for only four months, Patrolman Moore was a police officer who was trained to observe.

 The identification of both defendants and of the station wagon by Patrolman Moore and the recovery of the missing items at Rich's home by Lieutenant O'Sullivan provide a sufficient basis on which the defendants could be found guilty beyond a reasonable doubt. It is well settled that a conviction of burglary can be sustained upon circumstantial evidence and that the trier of fact need not disregard the inferences that flow normally from the evidence before it. See People v. Brown, 27 Ill2d 23, 187 NE2d 728; People v. Russell, 17 Ill2d 328, 161 NE 2d 309.

Defendants also argue that matters involving previous arrests not followed by convictions should not be placed in the record for consideration by the Court at the hearing on probation and are prejudicial to them. Defendants cite two cases to support this proposition, People v. Jackson, 95 Ill App2d 193, 238 NE2d 196, and People v. Grigsby, 75 Ill App2d 184, 220 NE2d 498. However, neither case is applicable because both involve situations where error was committed due to inadmissible evidence being considered at a hearing in aggravation and mitigation. In the instant case neither side offered evidence in aggravation and mitigation. In fact, counsel for defendants stated that he did not wish to put on any evidence in way of mitigation but only wished to argue for probation on the basis of the probation officer's report.

It was therefore defendants themselves who directly entered the probation officer's report into the record.

 As to the propriety of a probation officer's report including arrests, it has been held that such inclusion did not violate the statutory requirements of such an investigative report. People v. Miller, 317 Ill 33, 147 NE 396. Even People v. Jackson, supra, cited by defendants, notes that the ordinary rules of evidence applicable to criminal proceedings are not applicable to a hearing in aggravation and mitigation. Admitting this, it should be apparent that even greater latitude should be granted the court in a hearing for probation. This is true because one

convicted of crime has neither an inherent nor a statutory right to probation and the granting or refusing of probation rests in the discretion of the trial court. People v. Smith, 62 Ill App2d 73, 210 NE2d 574. We thus find no error in the admission of any of the evidence at the hearing on probation.

██ Defendant Rich particularly argues that the State prejudiced his cause by calling direct attention to the fact that he was then under indictment for a different offense and that those charges were pending. However, the record reveals that this statement was made only after defendant Rich verified that he was not under any arrest charges other than those mentioned by his counsel. We see no error in allowing the State to provide the correct information when the only alternative was to allow the court to base its decision on a misstatement of fact.

██ Defendants also maintain that the remarks of the trial court at the time of sentencing showed undue prejudice towards them. Objection is specifically made to the court's statement to Rich, "Your attitude in this case in denying your guilt, and putting the State to the inconvenience and the expense of trial, does not indicate, in general, repentance for your acts." While this statement may be considered "inappropriate" (People v. Capon, 23 Ill2d 254, 178 NE2d 296, cert den 369 US 878), we do not view it as indicating that the trial judge exercised his discretion in an arbitrary manner. Furthermore, the instant case is not analogous to People v. Moriarity, 25 Ill2d 565, 185 NE2d 688, where the cause was remanded because the trial judge clearly indicated to the defendant that his decision to stand trial "will cost you nine years additional." Rather, the remarks in the present case indicate only that the trial judge was disturbed that the defendants had not displayed a penitent spirit before him. The weighing of such a factor is within the discretion of the trial court.

██ ██ The final contention of defendants is that their sentences are excessive. While we might not have imposed the same sentences if we had been the trial court, the fact remains that the trial court has a superior opportunity to make a sound determination concerning the punishment to be imposed than does an appellate tribunal and therefore a reviewing court should exercise its power to reduce sentences with considerable caution and circumspection. People v. Taylor, 33 Ill2d 417, 211 NE2d 673. Furthermore, we cannot say that this case represents an instance where the trial court abused its discretion. The facts are that Smith was in violation of parole on another burglary conviction when arrested for this burglary and Rich attempted to mislead the trial court as to his criminal background. Under these facts we cannot say that the sentences imposed were excessive.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is affirmed in all respects.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.