THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN W. SESSIONS, Defendant-Appellant.

(Nos. 53696, 53991 cons.;

First District—March 19, 1971.

448

Adamowski, Newey & Riley, of Chicago, (Francis X. Riley, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Daniel J. Pierce, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant was found guilty, after a jury trial, of the offense of battery. (Ill. Rev. Stat., 1963, ch. 38, par. 12—3.) Judgment was entered and he was sentenced to six months in the Cook County Jail and fined $500. On appeal the conviction was affirmed but the case was remanded with directions for the trial court to hold a hearing on probation and, if the facts warranted a denial of probation, the trial court was ordered to hold a hearing in aggravation and mitigation. See *People v. Sessions*, 95 Ill. App.2d 17.

On remand the trial court denied probation, held a hearing in aggravation and mitigation and sentenced the defendant to serve thirty days in Cook County Jail and fined him $500.

On this appeal defendant contends that the sentence is excessive.

The facts relating to defendant's arrest and conviction for battery are not disputed and are adequately set forth in *People v. Sessions*, 95 Ill. App.2d 17.

The hearing on probation and aggravation and mitigation was held on September 18, 1968. Defendant testified that at the time of his arrest for battery he was already on probation for another offense. The commission of the battery violated his earlier probation which was revoked. Defendant was fined $200 for the earlier offense. Defendant also testified that he worked for a construction company and a record store and that his marriage was in the process of being annulled. He had been in no trouble since his arrest and conviction for battery.

In its decision, entered on October 15, 1968, the trial court stated:

"I have given this thing a lot of thought, gentlemen, and I think that some concession should be made to this lad here.

The probation motion is denied. I will let the fine stand, and cut the time to thirty days."

*Opinion*

■■ Defendant contends that his sentence is excessive and should be reduced to probation, or alternatively to that of a fine only. One convicted of a crime has neither an inherent nor a statutory right to probation. (*People v. Smith*, 111 Ill.App.2d 283, and *People v. Jones*, 107 Ill.App.2d 1.) The nature of the offense, the attending circumstances, the propensities of the offender, and the chances of his reform must be considered. *People v. Wallace*, 117 Ill.App.2d 426, and *People v. Hobbs*, 56 Ill.App.2d 93.

In *People v. Miller*, 33 Ill.2d 439, 444, the court set forth the test for determining whether a sentence is excessive:

"Where it is contended that the sentence imposed in a particular case is excessive, though within the limits prescribed by the legislature, we will not disturb the sentence unless it clearly appears that the penalty constitutes a substantial departure from the fundamental law and its spirit and purpose, or that it is not proportioned to the nature of the offense." *People v. Smith*, 14 Ill.2d 95.

See also *People v. Davis*, 111 Ill.App.2d 68, and *People v. Allen*, (Ill. App.2d), (First Dist. No. 53987).

■■ In the instant case the following factors appear: (1) the offense was characterized by the Appellate Court in *Sessions, supra,* as one of violence and lawlessness; (2) defendant admitted that he violated an earlier probation for another offense when he was arrested for battery; (3) the sentence was within the limits prescribed by the statute; * and (4) the trial judge on remand sentenced defendant to thirty days in jail although at the first trial the sentence imposed was six months.

We find that the trial court did not err in denying probation. Further, we find no reason to reduce the sentence.

Judgment affirmed.

ENGLISH, P. J., and LORENZ, J., concur.

---

* Ill. Rev. Stat., 1963, ch. 38, par. 12—3:

(b) Penalty.

A person convicted of battery shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed 6 months, or both.