THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM HARVEY, Defendant-Appellant.

(No. 54329;

First District—January 18, 1973.

Gerald W. Getty, Public Defender, of Chicago, (Michael Mikula, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and John O'Rourke, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The defendant was charged in a two-count indictment with the offenses of deviate sexual assault and indecent liberties with a child. At a subsequent bench trial he was found not guilty of deviate sexual assault

but guilty of the indecent liberties count. He was sentenced to the penitentiary for a term of four to twenty years. He appeals his conviction.

We affirm.

The trial in this case occurred on June 16, 1969. At trial it was established that the date of the offense was September 29, 1968. The complaining witness, who was allegedly nine years old at the time, testified that his was playing outside his apartment building at about 2:00 A.M. His parents and older brother, with whom he lived, were absent. He was approached by the defendant who engaged him in conversation. Shortly thereafter he went upstairs to his apartment. The defendant followed and pushed him inside. The defendant commanded the complaining witness to take off his clothes, and he did. The defendant then took him into his mother's bedroom, placed grease on his rectum, and forced him to perform an act of oral copulation. Thereupon, the complaining witness's older brother returned home and began grappling with the defendant. During the course of the struggle, defendant dropped a gun he had apparently been carrying on his person. He picked up the gun and managed to escape.

The complaining witness's older brother testified for the State, and his testimony corroborated that of the complaining witness as to the events occurring after he came home and began grappling with the defendant.

The police officer who arrested the defendant some ten days subsequent to the offense testified that he took the defendant to police headquarters where he was identified by the complaining witness. At this point in the trial there was a stipulation between opposing parties that the then present age of the defendant was 17.

That stipulation was as follows:

"MR. VON ZEYL: Judge there would be a stipulation entered into at this time between the defendant, William Harvey, in his own private person by and through his counsel, the Public Defender's Office of Cook County, and the People of the State of Illinois represented by Edward V. Hanrahan, through the State's Attorney's Office of Cook County, that the events that have been testified to here occurred in the County of Cook, State of Illinois, and the age of the defendant, William Harvey, is presently 17. Is that correct?

MR. SHCHEFFLER: So stipulated."

The State then rested its case. Thereupon, the defendant, without giving a reason, moved for a directed finding of not guilty on both counts, and this motion was denied.

The defense called as witnesses the defendant and his mother. The defendant testified he had never seen the complaining witness prior to

their confrontation at the police station. The defendant's mother testified that the defendant was at home at the time of the incident. On cross-examination she testified that defendant was born on May 9, 1951. At the close of all the evidence the defendant renewed his motion for a directed finding of not guilty on both counts and this motion was again denied.

During the hearing on aggravation and mitigation which followed the rendition of the verdict, the defendant stated that he was then 18 years old.

On appeal the first issue raised by the defendant is that the State failed to establish the material elements of the offense of indecent liberties with a child, to-wit: the age of either the accused or the victim.

With regard to proof of the defendant's age, he notes that the statute defining indecent liberties with a child requires a defendant to be 17 years or older at the time of the offense. Defendant argues that the defendant moved for a directed finding of not guilty at the close of the State's case-in-chief. There was no evidence in the record at that time as to defendant's age at the time of the offense. There was only a stipulation that he was then, at the time of trial, which occurred nine months after the offense, 17 years old. Thus, defendant urges that the trial court erred in not granting a directed finding in his favor.

■■ The rule is well established that if after a denial of a directed verdict at the close of the plaintiff's evidence the defendant introduces any evidence in his own behalf, any error relating to the motion is waived. *People v. Washington* (1962), 23 Ill.2d 546, 179 N.E.2d 635; *People v. Hougas* (1968), 91 Ill.App.2d 246, 234 N.E.2d 63; *People ex rel. Kubala v. Woods* (1972), 52 Ill.2d 48, 284 N.E.2d 286.

■■ In the instant case the defendant, after denial of his motion for a directed finding made at the close of the State's case, called his mother as a witness in his behalf and took the stand himself. His mother testified he was born May 9, 1951, and by simple computation the defendant would be 17 years and four months old on the date of the offense. By this action the defendant waived any error in the denial of his motion. See, *People v. Washington* (1962), 23 Ill.2d 546, 179 N.E.2d 635.

■■ The cases cited by defendant in support of his argument are distinguishable. *People v. Rogers* (1953), 415 Ill. 343, 114 N.E.2d 398, the only attempt to prove the age of defendant, came through the testimony of a police officer who testified that the defendant had admitted to him that he was 35 years of age. *Wistrand v. People* (1904), 213 Ill. 72, 72 N.E. 748, the attempted proof of age, came by way of the introduction of defendant's confession which contained a statement that he was 44 years of age. The court stated you cannot prove the age of a defendant

by his confession. These cases stand for the proposition that a defendant's age cannot be established by an extra-judicial verbal confession or admission alone. *People v. Rogers* (1953), 415 Ill. 343, 114 N.E.2d 398.

In view of defendant's mother's testimony as to the defendant's exact date of birth in the instant case, these two cases are clearly distinguishable.

■■■ With regard to the age of the victim, the defendant notes that the statute under which he was convicted requires that the victim be 16 years or younger. He argues that there was no competent evidence adduced at trial to establish the victim's age. Even though the victim testified on direct examination by the State that he was 9 years old, defendant argues that such testimony was hearsay. We do not agree.

The rule in Illinois is that an individual, even though a minor, is competent to testify as to his own age. (*Raymond v. People* (1907), 226 Ill. 433, 80 N.E. 996; *People v. Pennell* (1924), 315 Ill. 124, 145 N.E. 606.) In *Pennell* the court said at page 127:

> "* * * It is, of course, recognized in all cases where one testifies as to his own age that in a sense his testimony is hearsay, but the fact does not of itself affect the competency nor the weight of that testimony. *Raymond v. People*, 226 Ill. 433; *Mash v. People*, 220 Ill. 86."

The next issue raised by the defendant is that the prosecution failed to prove the defendant guilty as charged in the indictment. The defendant argues that the second count of the indictment, the count on which he was convicted, charged him with committing the offense of indecent liberties with a child in violation of Ill. Rev. Stat. 1967, ch. 38, par. 11-4(a). Specifically, paragraph 11-4(a)(3) prohibits "* * * any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both."

The defendant argues that rather than proving "lewd fondling or touching, etc." the State only proved an act of deviate sexual conduct, *i.e.*, oral copulation. The defendant joins this argument with the fact that he was found not guilty under the first count of the indictment, which count charged him with an act of deviate sexual conduct in violation of Ill. Rev. Stat. 1967, ch. 38, par. 11-4(a)(2), and concludes that the State failed to prove the offense of which he was convicted, and thus the trial court should have granted his motion for a directed finding. We do not agree.

■■ Initially we disagree for the same reasons we disagreed with defendant's previous argument regarding failure of the State to establish his age. That is, the defendant waived any error connected with the denial of his motion by proceeding after such denial to introduce further

evidence in his behalf. (*People v. Washington* (1962), 23 Ill.2d 546, 179 N.E.2d 635). Further, we disagree because we think the defendant's argument erroneous as a matter of substantive law. The record establishes that the defendant, aside from forcing the victim to perform oral copulation, took hair grease in his hand and placed it in the victim's rectum. We think this act is sufficient to establish that the defendant engaged in "lewd fondling or touching" as required by the statute.

The last issue raised by the defendant is that the trial court erred in denying his motion for probation and application for pre-sentence investigation. His argument, in effect, is that the defendant, by virtue of his age, good background, *etc.*, could or did qualify for probation. By not requiring a pre-sentence investigation, the defendant urges that the trial court failed to arm itself with the necessary information to make an adequate determination on whether the defendant should have been granted probation. We do not agree.

■■ One convicted of a crime has neither an inherent nor a statutory right to probation. (*People v. Sessions* (1971), 132 Ill.App.2d 447 270 N.E.2d 40). The granting of probation lies with the sound discretion of the trial court. *People v. Small* (1948), 401 Ill. 20, 81 N.E.2d 424.

■■ In the instant case the defendant had committed a serious crime. Albeit his background may have been good, we find nothing of record to indicate the trial judge abused his discretion in denying probation.

● 11 Further, we do not think a pre-sentence investigation was necessarily required or that the lack thereof meant the trial court abused its discretion. The trial court held a hearing on aggravation and mitigation at which the defendant and his attorney were given an opportunity to make the court aware of any matters concerning the defendant's background or about the defendant himself. The defendant did testify at that hearing. The only case cited by defendant in support of his position on this issue is *People v. Smice* (1967), 79 Ill.App.2d 348, 223 N.E.2d 548. In *People v. Gill* (1970), 122 Ill.App.2d 60, 257 N.E.2d 115, wherein the defendant also cited the *Smice* case in support of his argument that the trial court should have ordered a pre-sentence investigation, this court said at page 70:

> "In *People v. Smice*, 79 Ill.App.2d 348, 223 N.E.2d 548 (cited by defendant), it was there shown that the court had no information on which to determine if the request for probation was proper. While the Appellate Court affirmed the conviction it remanded the case to the judge to obtain a probationary or pre-sentence report and with such report to reconsider the petition for probation. In the cause before us, the trial judge was informed of the background of defendant. The court also held a hearing in aggravation

and mitigation (which was not done in the *Smice* case) and gave defendant's counsel and defendant an opportunity to present anything which either counsel or defendant felt might aid the judge in determining what sentence to impose. On the basis of the record, therefore, we do not believe that it was reversible error to omit a probation investigation in this case."

We conclude that there was no error in the denial of the motion for probation or the application for a pre-sentence investigation.

The judgment of the circuit court of Cook County is, therefore, affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McNAMARA, J., concur.