**People of the State of Illinois, Plaintiff-Appellee, v.
Ronald Smice, Defendant-Appellant.**

**Gen. No. 66–97.**

Second District.

February 2, 1967.

William N. Stone, of Sterling, for appellant.

John L. Moore, State's Attorney, of Oregon, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This appeal illustrates some of the problems presented in appellate review of sentence, as permitted under the Code of Criminal Procedure (Ill Rev Stats 1965, c 38, § 121–9(b)(4)).

The defendant-appellant was charged by information with the offense of battery in violation of section 12–3 of the Code. The jury found him guilty and gratuitously recommended probation. Thereupon, the defendant filed his petition for probation, and purportedly waived the

probation hearing and investigation by the probation officer, although the court expressed doubt as to the propriety of such waiver. Upon the court's suggestion, the defendant testified on his own behalf relative to probation. His testimony indicated that he desired probation, would abide by its terms and stay out of trouble; that he was employed and lived at home; and that he would obey all laws.

At the conclusion of the defendant's testimony, the court questioned him. His responses disclosed that the impulse to strike people did not come over him very often, but he did not remember how many times he had felt that way in the last two months.

Thereupon, the court denied the petition for probation and sentenced the defendant to the Illinois State Farm at Vandalia for six months. This appeal followed and the defendant's theory is:

"1. That the punishment meted out by the court was excessive, cruel and extremely unusual;

"2. That the court's measure of punishment was not authorized by the verdict of the jury."

The relief sought is that the verdict, the sentence, and the denial of probation, be reversed.

██ ██ The defendant was 21 years of age at the time of the offense. He had been keeping company with and was eager to marry a girl who was then a senior in high school. On the evening in question, Steven Gilbert, 19, and another young man, took this girl and another girl for a ride in Gilbert's car. After taking the other girl home, the other young man, who was driving, parked the car in the driveway at the home of the girl in question. The defendant and another young man approached the car, and there was evidence that both of them struck Gilbert. The defendant denied that he struck Gilbert but admitted that he shoved him and told him to stay away from the girl. The evidence warranted the jury verdict

that the defendant was guilty of the offense of battery. Under the facts of this case, we will not substitute our judgment for that of the jury. The People v. Malmenato, 14 Ill2d 52, 59–62, 150 NE2d 806 (1958).

While we do not understand the defendant's theory of the case, we will treat it as an inarticulate request that we reduce the punishment imposed by the trial court pursuant to section 121–9(b)(4) of the Code of Criminal Procedure, supra. Reviewing courts consider the sentences imposed by a number of judges, and, therefore, are in a position to detect and correct the injustice of an improper sentence. However, the power to reduce a sentence cannot be exercised in a meaningful manner unless the reviewing court is in possession of an adequate record pertaining to the life and character of the defendant.

Section 1–7(b) of the Code (Ill Rev Stats 1965, c 38, § 1–7(b)), provides that upon conviction "the court shall determine and impose the penalty in the manner and subject to the limitations imposed in this Section." The penalty, upon conviction of the offense of battery, is a fine of not to exceed $500 or imprisonment in a penal institution, other than the penitentiary, not to exceed 6 months, or both.

Under the provisions of section 1–7(b), ibid., and section 117–1 (Ill Rev Stats 1965, c 38, § 117–1), this defendant was eligible to be admitted to probation. However, the defendant's testimony pertaining to probation was of but little value to the court in determining whether he was a good probationary risk. And, due to defendant's waiver of an investigation by the probation officer, neither the trial court nor this court have the benefit of such report.

In addition, the record reflects that no hearing was held in this case for the purpose of determining the sentence to be imposed, as provided for in section 1–7(g)

of the Code (Ill Rev Stats 1965, c 38, § 1–7(g)), which reads:

"(g) Mitigation and Aggravation.

"For the purpose of determining sentence to be imposed, the court shall, after conviction, consider the evidence, if any, received upon the trial and shall also hear and receive evidence, if any, as to the moral character, life, family, occupation and criminal record of the offender and may consider such evidence in aggravation or mitigation of the offense."

Illinois Appellate Courts differ on the question of whether the aggravation and mitigation hearing is mandatory. See: People v. Carroll, 76 Ill App2d 9, 221 NE2d 528 (1966); People v. Thurman, 76 Ill App2d 41, 221 NE2d 798 (1966); People v. Spaulding, 75 Ill App2d 278, 280, 281, 220 NE2d 331 (1966); People v. Mitchell, 67 Ill App 2d 124, 128, 214 NE2d 129 (1966); People v. Smith, 62 Ill App2d 73, 80, 210 NE2d 574 (1965); and People v. Evrard, 55 Ill App2d 270, 275, 276, 204 NE2d 777 (1965).

██ We believe it to be the spirit and intent of section 1–7(g) that the court hearing on aggravation and mitigation is mandatory unless understandingly waived by the defendant and not requested by the State; and that a transcript of the inquiries of the court and the answers of the defendant, if any, pertaining to such waiver should be made, as well as a transcript of the hearing, when not so waived by the defendant or when requested by the State. This view is fortified by the provisions of section 121–9(b)(4) of the Code. Under this construction and procedure, the trial court would have before it the required sociological information with reference to the defendant, to assist it in determining a proper sentence for the offense. In addition, reviewing courts could then meaningfully pass on the propriety of the sentence.

352

█ The imposition of proper penalties is one of the most difficult tasks which confronts both trial and reviewing courts. The judgment of the trial court in sentencing, and of the reviewing court in determining whether the sentence should be reduced, can be no better than the total facts upon which such judgment is based. The court, in People v. Evrard, ibid, at pages 274 and 275, delineated the ultimate goal of the courts in sentencing, in these words:

> "The court must strive to render a judgment which will adequately punish the defendant for his misconduct, safeguard the public from further offenses, and reform and rehabilitate the offender into a useful member of society. In order to select an appropriate sentence, it is essential that the court be in possession of the fullest possible information concerning the defendant's life and characteristics."

Also see: People v. Carroll, supra, pages 12, 13.

█ In this respect it is well to note that probationary surveillance is itself an authorized mode of mild and ambulatory punishment intended as a reforming discipline. It is intended to be a means to restore offenders who are good probationary risks to society and to afford the unfortunate another opportunity by clemency. (People v. Nordstrom, 73 Ill App2d 168, 175, 219 NE2d 151 (1966).) The following expression in People v. Evrard, supra, at page 276, is appropriate relative to the circumstances of this case:

> "If this defendant is of prior good record it may well be that probation would be adequate punishment and would best effect his rehabilitation. Sections 117–1 and 117–2 (Ill Rev Stats 1963, ch 38 Sections 117–1, 117–2), provide for probation in proper cases and the basic rules of conduct to which a probationer must conform."

353

■■ Generally, trial courts cannot properly sentence offenders without a presentence or probationary report and without a hearing on aggravation and mitigation. Absent the information furnished thereby, reviewing courts are asked to make decisions in a vacuum. There is nothing in this record from which we can determine whether the denial of the petition for probation was proper, or whether the sentence was too severe. In this posture of the record, we could affirm in all respects. The burden of presenting an adequate abstract and record rested upon the defendant and we are limited to the record of the trial court. The People ex rel. Coats v. Sain, 24 Ill2d 248, 250, 181 NE2d 179 (1962). However, without the establishment of a precedent for future action, we believe fundamental fairness in sentencing requires that further consideration be given to the order denying probation and the sentence imposed.

Under the power vested in us by section 92(1)(e) of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 92(1) (e)), we affirm the verdict finding the defendant guilty; reverse the order denying the defendant's petition for probation and the order sentencing the defendant to the Illinois State Farm at Vandalia for six months; and, we remand this case to the trial court with directions to procure a probationary or presentence report and thereupon reconsider the petition for probation. In event the facts warrant a denial of probation, then the trial court should hold a hearing in aggravation and mitigation relative to the defendant's moral character, life, family, occupation and criminal record, and should consider this evidence, along with the evidence received at the trial, and then pass sentence on the defendant.

Affirmed and remanded with directions.

MORAN and BURT, JJ., concur.