People of the State of Illinois, Plaintiff-Appellee, v. Kenneth Whiting, Defendant-Appellant.

Gen. No. 67–50M.

Second District.

October 31, 1967.

Michael T. Caldwell, of Woodstock, for appellant.

Richard R. Cross, State's Attorney of McHenry County, of Woodstock, and William J. Cowlin, Assistant State's Attorney, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

The defendant, Kenneth Whiting, was charged with the offense of theft of property not exceeding $150 in value in violation of section 16–1 of the Code of Criminal Procedure (Ill Rev Stats 1965, c 38, par 16–1). The complaint charged that Whiting obtained unauthorized control over 15 gallons of gasoline from the owner, Arthur Johnson, on June 12, 1966. At the arraignment on June 27, 1966, the defendant entered a plea of not guilty and waived his right to trial by jury. On August 4, 1966, the defendant reappeared in court with his

counsel and requested leave to withdraw his prior plea and to plead guilty to the charge. The court granted that request and a judgment of conviction was entered on the plea of guilty after the defendant was properly admonished by the court. Further, the defendant was given leave to file his petition for probation.

The petition was filed on August 12, 1966, and a hearing held on it on February 2, 1967. The trial court denied the petition for probation and sentenced the defendant to a period of 6 months at the Illinois State Farm at Vandalia. On February 6, 1967, the defendant again appeared before the trial court, this time with new counsel, and moved to vacate the sentence on the grounds that there had been no hearing on aggravation and mitigation prior to its entry. That motion was denied and this appeal followed.

The defendant contends that the sentence imposed was not proportionate to the nature of the offense as required by section 2 of article II of the Illinois Constitution and that the sentence was so unduly harsh as to depart from "the fundamental spirit of the law." He asks that this court, under the powers conferred upon it by section 121–9(b)(4) of the Code of Criminal Procedure, reduce the sentence. He also urges that the failure to hold a hearing on aggravation and mitigation was reversible error.

Until the recent decision of this court in the case of People v. Smice, 79 Ill App2d 348, 223 NE2d 548, there was some difference on the question of whether a hearing on aggravation and mitigation, as provided in section 1–7(g) of the Code, was mandatory. We resolved that difference, on page 352 of that opinion, as follows:

"We believe it to be the spirit and intent of section 1–7(g) that the court hearing on aggravation and

mitigation is mandatory unless understandingly waived by the defendant and not requested by the State; and that a transcript of the inquiries of the court and the answers of the defendant, if any, pertaining to such waiver should be made, as well as a transcript of the hearing, when not so waived by the defendant or when requested by the State . . ."

The State here agrees that the failure to hold such a hearing was error and asks that the matter be remanded. We note that the State also asks that the trial court be directed to reconsider the defendant's petition for probation. Unfortunately, no record was made of the hearing on the probation petition but the report of the probation officer does appear. That report is apparently based, to a considerable extent, on an earlier probation report made in March of 1965 and did not consider, among other things, his recent marriage and consequent change of environment.

Because of the state of the record, we are unable to determine whether the denial of the petition for probation or the sentence imposed by the trial court was an abuse of discretion. Consequently, it is necessary that this cause be remanded for further proceedings.

The sentence of the trial court is set aside and the cause remanded with directions as provided herein.

Affirmed in part; reversed in part and remanded with directions.

DAVIS, P. J. and MORAN, J., concur.