THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM FLEMING, Defendant-Appellant.

(No. 73-71;

Second District—October 25, 1974.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Defendant represented by appointed counsel appeals from an order of the Circuit Court of Lake County revoking his probation, and imposing a sentence of 3 to 9 years for the offense of burglary. He also urges this court to "relax" our holding in People v. Nordstrom (1966), 73 Ill. App.2d 168, appeal dismissed (1967), 37 Ill.2d 270, so as to permit him to appeal the original judgment on his guilty plea to burglary.

On June 2, 1971, defendant, under indictment for burglary and represented by privately retained counsel, waived trial by jury and filed his application for treatment as a narcotics addict under section 1 et seq. of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1971, ch. 91½, par. 120.1 et seq.). Upon being notified of his acceptance for treatment by the Department of Mental Health the defendant came to court on June 25, again with privately retained counsel, and entered his plea of "guilty" to the charge of burglary. He was placed on 5 years' probation conditioned on the fact that he abide by the rules of the Department of Mental Health Drug Abuse Program, and that he comply with all of said department's orders and mandates.

On September 10 the State filed its petition to revoke defendant's probation for his failure to abide by those orders and after defendant was incarcerated the public defender was appointed to represent him. On November 21 a hearing was held on the State's petition and on November 30 the court entered its order continuing the 5-year probation and vacating defendant's treatment as an addict under the Drug Abuse Program, but directing the defendant, among other things, to take psychiatric treatment at the Lake County Mental Health Clinic and to abide by its program.

On May 16, 1972, the State filed a petition to revoke probation because of defendant's failure to report to the Health Clinic during March and April as he was required to do under the Clinic's treatment program. Between that date and September 6, the date of the probation revocation hearing, defendant's brother Floyd appeared in court representing himself to be the defendant and the public defender was again appointed to represent the defendant. At the probation revocation hearing, which was combined with the hearing in aggravation and mitigation, defendant did not deny violation of probation but merely asked and received permission to offer evidence in mitigation. At the conclusion of the hearing the court revoked defendant's probation and sentenced him to a term of 3 to 9 years.

■■ We first turn our attention to defendant's request that we reconsider and relax our holding in *People v. Nordstrom, supra,* and permit him to raise, in his appeal, his contention that at the hearing at which his guilty plea was accepted the trial court failed to admonish him in accordance with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402). Defendant is aware that under *Nordstrom* such errors cannot be raised for the first time in an appeal from the revocation of a defendant's probation. We find no compelling basis for relaxing that ruling in this case. Since defendant had not exercised his right to appeal the judgment of the trial court entered on June 25, 1971, on his plea of guilty, at which time he was placed on probation for 5 years, he is precluded from raising this issue for review on his appeal from the judgment revoking his probation.

■■ It is true, as defendant contends, that Supreme Court Rule 605 (Ill. Rev. Stat. 1971, ch. 110A, par. 605) amended effective September 1, 1970, in effect at the time of defendant's guilty plea, required the trial court to admonish defendant that "his right to appeal will be preserved only if a notice of appeal is filed * * * within 30 days from the date of the sentence." It is also true that the record does not indicate that the trial court did so admonish defendant. However, the Illinois Supreme Court has held that the trial court's failure to give a defendant such notice does not raise a constitutional question and "is not a denial of due process" but merely "stems from the dictates of good practice." (*People v. Covington* (1970), 45 Ill.2d 105.) Supreme Court Rule 605 was again amended effective July 1, 1971 (6 days after defendant made his guilty plea here), so as to provide in effect that in the case of a guilty plea the trial court was not required to inform the defendant of his right to appeal and that his right to appeal will be preserved only if notice of appeal is filed within 30 days from the date of sentence.

■■ If gross errors have been committed by the trial court defendant is at liberty to challenge them by way of filing a petition in the trial court pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*). That is the orderly process which has been established and is available to the defendant. We do not intend to pre-empt the trial court's prior consideration of appropriate challenges to the administration of justice.

■■■ Next the defendant contends that his minimum sentence should be reduced from 3 years to 1 year because the judge who imposed sentence was insufficiently familiar with the facts of the burglary conviction. Defendant calls attention to our statement in *People v. Fields* (1972), 8 Ill.App.3d 1045, 1048:

> "Among the factors to be considered by a trial court in impos-
> ing a sentence are the circumstances attending the commission
> of the offense so that the court can properly assess the protection
> for the public and the potential rehabilitation of the accused."

We continue to adhere to that view. Our examination of the record in the instant case demonstrates that the court was aware not only of the circumstances of the offense committed by the defendant to which he pled guilty, but of the reason for its commission and the defendant's rehabilitation potential. The judge had given defendant ample opportunity to become rehabilitated but without avail. Thereafter he heard the testimony of defendant's probation officer and saw and heard the defendant. The judge certainly was in a superior position to a reviewing court to consider and evaluate the likelihood of defendant's rehabilitation. Moreover the sentence is within the limits prescribed by the legislature and not in variance with the spirit of the law. (*People v. Taylor* (1972), 8 Ill.App.3d 727, 732; *People v. Burbank* (1972), 53 Ill.2d 261, 275.) We cannot say that the minimum sentence imposed by the court was excessive.

■■ Finally the defendant contends that he should be given credit on his sentence for the time spent in custody and on probation. We agree. Section 5—8—7(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—7(b)) provides for such credit "for time spent in custody as a result of the offense for which sentence was imposed." Section 5—6—4(h) of that code (par. 1005—6—4(h)) provides for such credit for "[t]ime served on probation." Defendant is therefore entitled to receive credit for the time spent in custody and on probation prior to the filing of the petition for revocation. *People v. Blake* (1973), 15 Ill.App.3d 39, 44; *People v. Decker* (1973), 15 Ill.App.3d 230, 234.

Therefore the judgment of the trial court is affirmed and the cause is

remanded with directions to modify the sentence so as to give credit for time spent in custody and on probation and to cause its *mittimus* to issue accordingly.

Affirmed and remanded with directions.

GUILD and SEIDENFELD, JJ., concur.