THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT HUDSON, Defendant-Appellant.

(No. 60655;

First District (4th Division)—November 12, 1975.

James J. Doherty, Public Defender, of Chicago (John X. Breslin, Richard D. Kharas, and Andrew J. Kleczek, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

After a revocation of probation hearing in the Circuit Court of Cook County on July 19, 1972, Robert Hudson's probation was revoked, and he was sentenced to a term of three to eight years in the penitentiary.

Robert Hudson was arrested on May 12, 1971, for sale of heroin, and on July 8, 1971, he was indicted for both sale and possession of heroin. On September 1, 1971, he pleaded guilty to both charges and was sentenced to five years' probation, with the first four months considered served.

An arrest warrant for violation of probation was issued against the defendant on May 17, 1972, for failure to report to his probation officer, and he was taken into custody on June 9, 1972.

At the hearing for revocation of probation on July 19, 1972, Probation Officer Williams testified that the records of the probation department indicated the defendant had first reported to the probation department on October 6, 1971. He was supposed to report once each month but did not report again until February 23, 1972, and had not reported after

that date. Officer Williams testified that letters were sent to the addresses he had given to the department, and one letter was returned and marked: "moved, left no forwarding address."

On cross-examination the defendant's attorney elicited the testimony that Officer Williams had no personal knowledge of the defendant but was merely testifying from the records of the probation department. The attorney then asked that all the testimony be stricken, but the court overruled the objection.

The defendant took the stand and testified he had reported to the probation department three times and had called in once because his mother was sick. He also stated he had been shot in the head and had a nervous breakdown. He stated he did not report after February 23, 1972, because he "didn't know," and because he had been seeing doctors about once a week, taking medication, and going back and forth to see his mother. He stated he had been receiving a disability payment of $202 per month.

The court made a finding of violation of probation and sentenced the defendant to a term of three to eight years in the penitentiary.

The defendant first contends he successfully explained his failure to report to his probation officer and therefore, the prosecution failed to prove by a preponderance of the evidence that he had violated a condition of probation. The defendant argues that his testimony concerning his head injury and nervous breakdown was not rebutted, and could not be rebutted by someone who was not his probation officer and had never interviewed him.

The defendant admitted not reporting after February 23, 1972, but contends his absences could be explained by his medical problems. However, he never notified the department about the problems, and, if his own testimony were to be believed, he saw a doctor only about once each week. The rest of the time he stated he was helping his mother care for her other children because his father had just died. Surely, he could have found time once each month to make his report to the probation department, and he could have notified the department of his change of address. When he was arrested, he was living at an address which was unknown to the probation department.

The defendant next contends he was denied his constitutional privilege against compulsory self-incrimination when the prosecutor offered hearsay evidence of the defendant's culpable conduct which left him no choice but to testify in order to rebut and explain the hearsay evidence. He argues that once the trial judge had admitted the hearsay evidence, he was forced to waive his constitutional right to remain silent in order to rebut the hearsay evidence or face certain revocation of probation.

The case of *People v. Collins* (1973), 14 Ill.App.3d 446, is directly on point and we deem it to be controlling in the instant case. There, a probation officer attempted to read the contents of a report prepared by another probation officer at a revocation hearing. The defense objected to the introduction of such testimony as being hearsay, and the trial court overruled the objection, holding that hearsay is admissible at a probation revocation hearing. On appeal the court held that a probation revocation may only be proved by competent evidence, but then went on to state that the issue had become moot because the defendant had taken the stand and admitted his failure to report.

In the instant case the defendant was free to choose not to take the stand and was not compelled to testify because his counsel had preserved his objections to the hearsay evidence for appeal. The defendant apparently took the stand to defend the charge and avail himself of the opportunity to tell his story. In the case of *People v. Fair* (1974), 17 Ill.App.3d 109, the case against the defendant consisted of hearsay evidence, and the defendant elected to take the stand and admitted his failure to report to his probation officer. The appellate court stated that there was no denial of his right to remain silent because the defendant's testimony was in defense to the charge and not in admission thereof, and it was the choice of counsel that he testify.

■■ In this case Hudson intended to testify in his own behalf to explain his failure to report to his probation officer after his counsel had preserved his objections for appeal. Under these circumstances, his admissions of failure to report are competent evidence to support the revocation of his probation.

The defendant asserts he was convicted only of possession of a narcotic drug and argues it should be classified as a misdemeanor because the sentencing provision of section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, § 1402(b)) provides for alternative sentencing to a penal institution other than the penitentiary for not more than one year. He relies on the case of *People v. Novotny* (1968), 41 Ill.2d 401.

This argument has no merit because the record expressly shows he was found guilty of sale as well as possession, which is a felony under section 401(b) of the Act.

■■ The defendant also contends he should receive the benefits of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1001—1—1 et seq.). Under the case of *People v. Harvey* (1973), 53 Ill.2d 585, the Unified Code of Corrections applies to cases pending on direct appeal if the sentences under the Code are less than under the prior law. In this case the defendant was convicted under the Controlled Substances

Act which provided for a sentence of one to 20 years for sale of heroin (Ill. Rev. Stat. 1971, ch. 56½, § 1401(b).) Under the Code the sale of heroin is a class 2 felony which also provides for a term of one to 20 years, but the case of *People v. Harvey* held that the one-third rule of the Code (§ 1005—8—1(c)(3)) could be applied to mitigate minimum sentences. Accordingly, the defendant's minimum sentence is reduced to two years and eight months.

The defendant is also entitled to the benefits of section 5—6—4(h) of the Code which provides for credit for all time spent on probation and section 5—8—7(b) of the Code which provides for credit for time spent in custody as a result of the offense for which the sentence was imposed. The defendant was on probation from September 1, 1971, until the warrant for violation was issued on May 17, 1972, a total of 259 days. He was in custody for 111 days prior to the original conviction and was in custody for a total of ten days from June 9 to June 18, 1972, while awaiting his revocation hearing. We find he is entitled to credit for 380 days against his sentence.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed and the sentence is modified.

Affirmed and sentence modified.

ADESKO and JOHNSON, JJ., concur.