## THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES DEAN BOWLING, Defendant-Appellant.

Third District   No. 76-97

Opinion filed November 24, 1976.

Robert Agostinelli and Fran Gist, both of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

James Dean Bowling was charged by an indictment returned in the Circuit Court of Rock Island County with having committed the offense of burglary by having unlawfully entered the residence of Kataringo Rangle on June 9, 1974, with the intent to commit a theft therein. The defendant pleaded guilty to this charge on July 16, 1974, and was placed on probation for a term of 2 years. On September 25, 1975, the State filed a petition to revoke the defendant's probation alleging *inter alia* that he had committed the offense of theft. Following a hearing on the petition to revoke the trial court found by a preponderance of the evidence that the

defendant had committed the offense of theft. After a hearing on aggravation and mitigation the defendant was sentenced to a term of imprisonment of not less than 1 nor more than 3 years. The trial court further denied the defendant credit for time served on probation.

The sole issue presented in this appeal is whether the trial court erred in denying the defendant credit for time served on probation where he had originally been placed on probation subsequent to the amendment of section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)).

The amendment to section 5—6—4(h) became effective July 1, 1974, and granted the trial court discretion as to whether a defendant should be granted credit for time served on probation when said term of probation was revoked and the defendant was sentenced to a term of incarceration.

The original crime of burglary committed by the defendant and for which he was sentenced to a term of probation occurred on June 9, 1974.

The controlling authority on the issue presented is contained in the case of *People v. Peach* (1976), 39 Ill. App. 3d 757, 350 N.E.2d 583. We are of the opinion that the controlling reasoning contained in *Peach* is found in the concurring opinion written by Justice Alloy, who stated:

> "I believe that the amendment which was enacted effective July 1, 1974,[1] should be construed as having prospective application only and to apply only to crimes committed *after* July 1, 1974." 39 Ill. App. 3d 757, 762.

■■ The recognized tenets of *ex post facto* law specifically proscribe increasing the punishment for an offense by an amendatory enactment taking place after the date the offense has been committed. See *People v. Wyckoff* (1969), 106 Ill. App. 2d 360, 245 N.E.2d 316; *People v. Johnson* (1970), 133 Ill. App. 2d 818, 263 N.E.2d 901.

■■ Since in the instant case the defendant committed the *crime* of burglary on June 9, 1974, which was prior to the enactment of the amendment granting the trial court discretion as to whether or not a defendant should be given time served on probation when said probation is revoked and the defendant ordered incarcerated we are of the opinion that the defendant should have received such credit.

For the foregoing reasons the sentence of the trial court is reversed and this case is remanded for resentencing in accordance with such views.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J., concur.

[1] Justice Alloy was referring to the amendment to section 5—6—4(h) (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)).