THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY E. MILES, Defendant-Appellant.

Third District   No. 76-453

Opinion filed October 11, 1977.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Defendant Larry Miles appeals from a probation revocation in the Circuit Court of Rock Island County as a result of which he was resentenced to a term of from 3 to 9 years in the penitentiary, which term was to be served concurrently to a 3- to 9-year sentence for another offense which was imposed at a sentencing hearing held jointly with the probation revocation sentencing hearing. (Defendant Miles was convicted of theft in a case previously appealed and affirmed by this court (*People v. Miles* (3d Dist. 1977), 45 Ill. App. 3d 758, 360 N.E.2d 165)).
On appeal now from the probation revocation proceeding, defendant contends that he was denied credit on his probation term for time spent in custody prior to his conviction, in the same manner as credit is allowed on periods of imprisonment, and was, therefore, denied equal protection of the laws. He asserts that if such credit had been allowed as against his probation term at the time it was imposed, the term would have expired prior to the filing of the petition to revoke his probation. He also contends that even if his probation was correctly revoked, it was error for the trial court to deny defendant credit as against his sentence both for the time served on probation for that conviction and for the time spent in custody prior to the conviction. The State concedes that the defendant was entitled to credit for the time spent on probation as well as for the time spent in custody prior to being placed on probation as against the sentence imposed on him upon revocation of his probation. See *People v. Bowling* (3d Dist. 1976), 43 Ill. App. 3d 932, 357 N.E.2d 724.
It appears from the record that defendant Miles was charged with burglary on October 29, 1972, and pleaded guilty to the offense and was released on his own recognizance on December 21, 1972. He had spent 53 days in custody between his arrest and his release. On February 24, 1973, the court placed defendant on 3 years' probation.

Thereafter, on October 20, 1975, Miles was charged by information with a theft. He was convicted by a jury of the felony theft charge and on January 16, 1976, as a result of the theft conviction, a petition was filed to revoke defendant's probation resulting from the 1972 burglary conviction. A revocation hearing was held on February 3, 1976.

At the probation revocation hearing, defendant's attorney challenged the petition for revocation and contended that the 53 days of preconviction custody time served as a result of the burglary charge should have been credited as against his 3-year probation sentence. He asserts that if such sentence had been credited toward his probation sentence, then the petition to revoke would not have been timely, for the probation period would have ended prior to the filing of the petition on January 16, 1976. His basis for his contention was that defendant was denied equal protection of the laws under the Federal and State of Illinois constitutions.

The trial court rejected this contention and revoked defendant's probation. At a joint sentencing hearing on the theft conviction and probation revocation, Miles was sentenced to the penitentiary for terms of 3 to 9 years, to run concurrently.

■■ The State initially asserts that defendant cannot claim error in this appeal as to the probation sentence since no appeal was taken from the 1973 sentence of probation upon which the 1976 probation revocation hearing proceeded. Obviously, in an appeal from a probation revocation order, one cannot obtain a review of errors arising in the original judgment of conviction from which no appeal was taken (*People v. Lambert* (3d Dist. 1974), 23 Ill. App. 3d 615, 320 N.E.2d 395). The review on appeal of probation revocations is restricted to the issues arising in the revocation proceeding. (*People v. Yackle* (5th Dist. 1976), 42 Ill. App. 3d 695, 356 N.E.2d 664.) In the present case, however, the assignment of error which is the issue on review concerns the jurisdiction of the court to hear the probation revocation petition. The defense argument presented at the revocation hearing was to the effect that the Federal and Illinois constitutions both required that defendant be given credit as against his probation sentence for the time spent in custody prior to his 1973 burglary conviction. Counsel argued that, accordingly, if that was true, the court had no jurisdiction over defendant since probation should have ended prior to the filing of the petition to revoke. The contention is that the probation court's decision on the equal protection argument and its revocation of probation in that action is the subject of review at this time. No errors arising from the original judgment of guilt is requested, but review is requested as to the issue raised at the probation revocation proceeding on the equal protection argument as to jurisdiction of the court at such probation revocation hearing. No attack is made as to the

underlying burglary conviction or upon the probation sentence imposed as a result of the burglary conviction. The question is solely a matter of the credit for custody time and its applicability to jurisdiction of the probation hearing.

■■■ In determining whether the equal protection of the law requires that credit be given for preconviction custody time, when the ultimate sentence imposed is one of probation rather than imprisonment, requires that we give consideration to the Illinois statute (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7(b)) providing that persons sentenced to a term of *imprisonment* "shall be given credit on the maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed." This statute has been construed to require that credit for preconviction custody time be given when a sentence of imprisonment is made after the revocation of probation. *People v. Hudson* (1st Dist. 1975), 34 Ill. App. 3d 94, 339 N.E.2d 482; *People v. Fleming* (2d Dist. 1974), 23 Ill. App. 3d 221, 318 N.E.2d 518.

The argument of defense is that denying similar credit as against sentences of probation denies to persons placed on probation equal protection of the laws. There is no comparable statute granting credit to persons sentenced to probation rather than imprisonment. It might be stated that defendant asks that the courts create such a statute by implication. A statutory provision for credit as against imprisonment only is not unique to Illinois. It appears in many States and Federal legislation application to Federal convictions. The particular issue raised in the instant case, however, has not apparently been raised or considered in any other cases which we have discovered or which have been directed to our attention.

■■ The equal protection guarantees in both the Federal and Illinois constitutions require that State regulations and legislation accord similar treatment to persons similarly situated. (U.S. Constitution, amend. XIV; Illinois Const. art. 1, §2; *Duncan v. State of Missouri* (1894), 152 U.S. 377, 38 L. Ed. 485, 14 S. Ct. 570; *Marallis v. City of Chicago* (1932), 349 Ill. 422, 182 N.E. 394.) There is, however, no automatic violation of one's equal protection rights which arises simply because a particular statutory classification is not accurate, scientific or harmonious, or because the statute treats one class of individuals differently from another class, provided that it affects all members of the same class alike. (*Panko v. County of Cook* (1st Dist. 1976), 42 Ill. App. 3d 912, 356 N.E.2d 859.) The courts recognize the existence of broad latitude and discretion in the field of legislative classification. *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407.

If a fundamental right or a suspect classification is not involved, then

the proper test to be applied, in viewing the alleged discriminatory statutory classification, is what is described as the "rational relationship" standard. Under this test, the court must assume the validity of the legislative classification, and the persons challenging such classification have the burden of rebutting this presumed validity (49 Ill. 2d 338, 340-41; *People v. Grammer* (1976) 62 Ill. 2d 393, 342 N.E.2d 371). If any state of facts can be reasonably conceived to justify the classification, it will be upheld. (*People v. McCabe* (1971), 49 Ill. 2d 338, 341, 275 N.E.2d 407; *Hoskins v. Walker* (1974), 57 Ill. 2d 503, 509, 315 N.E.2d 25.) The court does have an obligation within this review scheme to insure that the power to classify has not been exercised arbitrarily. *People v. Sherman* (1974), 57 Ill. 2d 1, 309 N.E.2d 562.

Under the rational relationship analysis, once a discriminatory classification is shown, the court must then (1) look to the purposes behind the legislative scheme at issue, and (2) determine whether the classification bears a rational relationship to a legitimate legislative purpose (*Panko v. County of Cook* (1st Dist. 1976), 42 Ill. App. 3d 912, 356 N.E.2d 859).

In the instant case, we should first correctly identify the class of persons which the alleged discriminatory classification affects before we proceed to an examination of the purposes and function of probation and imprisonment. The defendant argues that the class of persons similarly situated in this case involves those persons "being in custody for the same amount of time prior to sentencing." Defense finds discrimination within this class, in that some such persons are given credit as against their sentence for preconviction time spent in custody while others are not given such credit. Defendant contends that this is arbitrary.

We see the defense argument as overlooking the basic difference between persons and their so-called "class." The difference is that some members of the class are ultimately sentenced to terms of imprisonment while other members of that class are given probation. They do not contend that there is any discrimination in the imposition of such sentences, which are completely different in character. By focusing on the common circumstances of preconviction custody time, the defendant blurs the fact that there are actually two classes of persons involved and they are not similarly situated. There is that class of persons who have spent time in custody before being sentenced to further imprisonment and there is also that class of persons who have spent some time in custody before being sentenced to terms of probation. Within each class, all members of the class are treated alike with respect to credit for preconviction custody time, so that there is no discrimination within the class of persons who are sentenced to imprisonment and that class of persons who are involved in terms of probation.

If we examine into the nature and function of imprisonment and probation, we note that the principal and most obvious difference between these two classes is the degree of freedom allowed to the convicted person. Unlike the person sentenced to a term of imprisonment, a person sentenced to probation enjoys a period of relative freedom, subject only to "supervision." It is this basic difference between prisoners and probationers which underlines the rational difference in treatment accorded by the legislature with respect to credit for custody time at the time of imposition of probation, rather than imprisonment. To those persons it puts in prison, the State grants credit for the time already spent in prison prior to conviction. Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7(b).

At the time of granting probation, it is anticipated that there will be no further imprisonment and that the probation term will be served as specified. In the event the probation term is not served properly and that there is a sentence of imprisonment thereafter, total credit is given for the time served prior to the imposition of probation sentence and even for time spent on probation. If there is no revocation of probation and ensuing imprisonment, the individual simply serves his probation time and is discharged, so that probation itself involves a specialized privilege properly created by law. (*People v. Smice* (2d Dist. 1967), 79 Ill. App. 2d 348, 223 N.E.2d 548.) Probation is obviously a much milder form of punishment than imprisonment. It is reasonable for the legislature, in granting this privilege to probationers, to withhold credit which might be given to those persons who suffer a much harsher punishment (of imprisonment) and to reserve credit for jail time, consistently, until such time as the probationer may violate his term of probation and be sentenced to imprisonment. This difference in treatment is founded on the great disparity in the nature of punishment between a sentence of imprisonment and one of probation and of the anticipation that the probation term will be served without revocation and without need for imprisonment. Given the broad latitude which the legislature possesses in such matters (*People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407), we do not find that the distinction drawn between imprisonment and probation, with respect to credit for prior custody time, is an arbitrary one.

The defendant, in attempting to rebut the presumed validity of the legislation, argues that denying credit time to the probationer is inconsistent with the goal of probation, which it states to be rehabilitation without incarceration. Basically, this argument overlooks some of the other purposes behind sentencing, whether it be for imprisonment or probation. The ultimate goal of the courts in sentencing is to "render a judgment which will adequately punish the defendant for his misconduct, safeguard the public from further offenses, and reform and rehabilitate

the offender into a useful member of society." (*People v. Smice* (2d Dist. 1967), 79 Ill. App. 2d 348, 353, 223 N.E.2d 548.) Probation is an attempt to rehabilitate without incarceration in cases where that solution appears promising and where it is consistent with other purposes of sentencing. The defense, in focusing only on rehabilitative function of probation overlooks the other purposes to be served in sentencing. It is in relation to the other purposes and functions of sentencing that there is further justification for denying probationers credit time other than as against imprisonment.

■■■ It can also be argued that the legislature presumably concluded that adequate punishment for one sentenced to probation requires that a probationer serve the full term on probation; not one reduced prior to conclusion of the term or time of revocation, by the amount of time spent in jail prior to the beginning of probation. Since probation is a milder form of punishment, the legislature may have considered that it should be served to its fullest extent. It was probably felt that continuity of probation surveillance for the full period was essential in order to better safeguard the public. A defendant while on probation is not inhibited and is able to help himself become a useful member of society. The function of probation is to permit court supervision over his activity during that period not only to safeguard the public but also to aid the rehabilitative process. Neither function of probation would be furthered by granting the probationer credit at the time of the probation sentence for time spent in jail prior to conviction. All of the justifications which we have discussed seem reasonable and, therefore, appropriate to uphold the classification (*People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407). Certainly, the defendant has failed to meet his burden of showing that the challenged classification is arbitrary and is not based upon real and substantial differences in the situation of the parties who may be on probation as against parties who may be sentenced to imprisonment.

■■ ■ The final issue raised by defendant, as we have noted, is conceded by the State. Although the current statute (Ill. Rev. Stat. 1976 Supp., ch. 38, par. 1005—6—4(g)), makes credit for time served on probation discretionary, the statute in effect at the time of the original sentencing (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h)), stated that time served on probation was to be credited as against a sentence of probation. The earlier statute applies to this defendant. (*People v. Bowling* (3d Dist. 1976), 43 Ill. App. 3d 932, 357 N.E.2d 724.) Defendant is, therefore, entitled to have the time he served on probation credited as against sentence imposed when the probation was subsequently revoked. Defendant must also be given credit on his sentence for the 53 days of preconviction custody time he served in 1972. Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7(b); *People v. Hudson* (1st Dist. 1975), 34 Ill. App. 3d 94,

339 N.E.2d 482; *People v. Fleming* (2d Dist. 1974), 23 Ill. App. 3d 221, 318 N.E.2d 518.

For the reasons stated, therefore, the judgment of the Circuit Court of Rock Island County is affirmed, but the sentence imposed should be modified as we have directed in this cause, and this cause is, therefore, remanded to the Circuit Court of Rock Island County for resentencing in accordance with the views expressed in this opinion.

Conviction affirmed. Remanded for modification of sentence.

STOUDER and SCOTT, JJ., concur.