THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HANO BAILEY, III, Defendant-Appellant.

Fourth District   No. 14345

Opinion filed January 13, 1978.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Robert C. Perry, and Jane F. Bularzik, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals the revocation of his sentence to probation. On January 13, 1975, defendant was sentenced to 5 years' probation with the condition that he first serve 15 months of periodic imprisonment. The sentence resulted from his plea of guilty to the offense of indecent liberties with a child. (Ill. Rev. Stat. 1973, ch. 38, par. 11—4(a).) That sentence was affirmed upon appeal to this court.

A petition to revoke probation was filed on December 29, 1976. It alleged that defendant had committed the offense of contributing to the sexual delinquency of a child (Ill. Rev. Stat. 1975, ch. 38, par. 11—5(a)(1)), by having sexual intercourse with Nancy Brown, a child under the age of 18. Defendant was 36 years old.

The trial court, after hearing evidence presented by both sides, found that defendant had committed the offense, and revoked the probation. The trial court sentenced defendant to the penitentiary for a term of 4 to 10 years. Defendant contends that three errors occurred.

First, the trial court is said to have erred in excluding evidence of one Robert Bailey's sworn confession which exculpated the defendant.

The purported confession was clearly hearsay, but the defendant contends that it was admissible as a declaration against Robert Bailey's penal interest. However, Illinois does not fully subscribe to this exception to the hearsay rule. *People v. Craven* (1973), 54 Ill. 2d 419, 299 N.E.2d 1.

In *People v. Lettrich* (1952), 413 Ill. 172, 108 N.E.2d 488, it was held that a third party declaration against penal interest was admissible, under the facts of that case. Defendant relies on *Lettrich* and on *Chambers v. Mississippi* (1973), 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038. In *Chambers*, evidence of another's repudiated confession, well corroborated, was erroneously excluded and defendant was denied a fair trial.

However, *Lettrich* recognized the general rule of inadmissibility:

> "The rule is sound and should not be departed from except in cases where it is obvious that justice demands a departure." 413 Ill. 172, 178, 108 N.E.2d 488, 492.

■■■ In *Craven*, the supreme court made it clear that both *Lettrich*

and *Chambers* stated exceptions to the rule. Before a declaration against penal interest is received there must be some showing of its reliability. See also *People v. Hanks* (1974), 17 Ill. App. 3d 633, 307 N.E.2d 638.

The *Chambers* court recognized the need for a showing of reliability as well:

> "The hearsay statements invoked in this case were originally made and subsequently offered at trial under circumstances that provided considerable assurance of their reliability." 410 U.S. 284, 300, 35 L. Ed. 2d 297, 311-12, 93 S. Ct. 1038, 1048.

The facts of our case disclose that Robert Bailey was the 16-year-old friend and cousin of defendant. The confession, as it was orally sketched by defense counsel, related that Robert had intercourse with Miss Brown on the night in question and that defendant did not. We can find nothing in the record that would tend to corroborate the facts of the declaration; nothing that bolsters the reliability of the out-of-court statements of defendant's friend. We note that the confession as related by defense counsel was formulated in the conjunctive, and the first part of the conjunctive is against Robert's interest, but that the second is not. This serves to further undermine the reliability of the statement. The record shows that the cause was continued while defense counsel consulted the witness on several occasions concerning his testimony and that defense counsel obtained contradictory accounts from the witness. The latter ultimately refused to testify.

Accordingly, we hold that it was not error to exclude the hearsay statement since there was no showing of its reliability.

■■ Defendant claims error because of a sentencing admonition at his guilty plea hearing. When defendant pleaded guilty to the underlying offense, the trial court admonished him that the minimum sentence was 4 years' imprisonment and the maximum was any term, including life. The trial court then erroneously advised the defendant that the minimum could not exceed one-third of the maximum actually imposed. The trial court did not impose a sentence of imprisonment, but only probation and periodic imprisonment.

Defendant argues that the sentence of 4 to 10 years' imprisonment imposed upon revocation of probation did not conform to the admonition. However, the defendant could not have been prejudiced by the procedure followed. He was instructed that he must receive a minimum of 4 years' imprisonment; he does not claim that he was misled, or that he misunderstood, as to this. He was next instructed that this 4-year minimum could not exceed one-third of the maximum. Therefore, the maximum could have been no less than 12 years. He, in fact, received a 10-year maximum. We can see no manner in which the defendant received a greater sentence than that which he was admonished at the

time he pleaded guilty could be imposed. There was no prejudice. See *People v. Wills* (1974), 23 Ill. App. 3d 25, 319 N.E.2d 269, *modified* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430, holding that no prejudice results when a defendant has been admonished as to the maximum risk to which he exposes himself in entering a plea of guilty, though that risk is understated by the trial judge, provided he is sentenced within the limits stated to him.

Defendant cites *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180, and *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F.2d 185, as controlling on this issue. They are not. In each case, the Court of Appeals held that mandatory parole terms must be stricken from the sentences awarded because defendants had not been advised of the parole term at the time they pleaded guilty by negotiated plea. The court distinguished these cases from *Bachner v. United States* (7th Cir. 1975), 517 F.2d 589. In *Bachner,* sentences were affirmed even though they contained mandatory parole terms of which the defendants had not been advised. The distinguishing features are that no plea agreements were involved and the actual consequences of the pleas were not more dire than the defendant had been told they would be.

Defendant also cites *People v. Willingham* (1976), 38 Ill. App. 3d 612, 349 N.E.2d 120, as being analogous. Defendant claims that we refused to uphold consecutive sentences in that case because that defendant had not been told of the possibility of consecutive sentences at the time of his guilty plea. In this defendant is correct, but that part of *Willingham* has nothing to do with this case. We also found error because the aggregate minimum period for the consecutive sentences exceeded twice the lowest minimum term authorized for the most serious felony involved, and this was contrary to the statute. But we find even this situation to be unlike the case at bar, and *Willingham* is of no use to our decision.

Lastly, defendant contends that the trial court improperly denied him credit for time served on periodic imprisonment and probation; the State confesses error. We agree credit was improperly denied. A court has no discretion to deny credit for time served on periodic imprisonment and a defendant must be given credit. Ill. Rev. Stat. 1975, ch. 38, par. 1005—7—2(c).

■■ Under the statute in force at the time this defendant committed the offense giving rise to the sentence of periodic imprisonment and probation—that is, on September 27, 1973—a court had no discretion to deny credit for time served. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).) The cases agree that a defendant may rely on this statute as it stood on the date of his crime. The amendment to the statute which took effect on July 1, 1974, and granted trial court's discretion to deny credit cannot be given a retroactive application. *People v. Bowling* (1976), 43 Ill. App.

3d 932, 357 N.E.2d 724; *People v. Meyer* (1976), 43 Ill. App. 3d 109, 356 N.E.2d 1303.

The judgment and sentence are affirmed and the cause is remanded with directions to ascertain the proper sentencing credits and to issue an amended mittimus.

Affirmed; cause remanded with directions.

GREEN, P. J., and CRAVEN, J., concur.