William Clarence SMITH, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Aug. 27, 1979.

Charles G. Taylor, III, Ayres, Parkey, Skaggs & Ware, James A. H. Bell, Ritchie & Tipton, Knoxville, for petitioner.

William Leech, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, for respondent.

## OPINION

FONES, Justice.

Defendant was convicted of armed robbery, kidnapping and assault with intent to commit rape and was sentenced to fifteen years for armed robbery, and four-to-five and two-to-five-year sentences, respectively, for the other crimes, to run concurrently with the fifteen-year sentence. The Court of Criminal Appeals affirmed.

We granted the writ of certiorari to examine the advisability of extending to criminal cases the admission of a declaration against penal interest, where the declarant is unavailable, as an exception to the hearsay evidence rule.

In *Breeden v. Independent Fire Ins. Co.*, 530 S.W.2d 769 (Tenn.1975), we adopted a rule allowing the admission of extra-judicial declarations against pecuniary or penal interests, if the guidelines set out therein were met, but expressly limited the rule to civil cases.

The State does not resist extension of the rule to criminal cases, acknowledging a growing trend in that direction, but insists that sufficient corroboration to indicate trustworthiness should be required as a prerequisite to the admissibility of the hearsay statement and that in this case, that requirement was not satisfied.

## I.

Mr. Justice Henry, writing for the Court in *Breeden*, cited extensively the authorities espousing the rationale and the manifest justice supporting abandonment of the rule excluding declarations against penal interest in criminal cases, as well as civil cases. In this opinion, we need only consider the additional safeguard that must accompany extension of the rule to criminal cases.

Obviously, the most frequent application of the rule in criminal cases is the tender of hearsay evidence that an unavailable declarant had confessed to the witness that declarant, not defendant, committed the crime that is the subject of the prosecution. The basis for the exclusion of such declarations, followed in England and many United States jurisdictions since the *Sussex Peerage Case*, 11 Clark & Fin 85, 8 Eng. Rep. 1034 (1844), was "the fear of opening a door to a flood of prepared witnesses falsely testifying to confessions that were never made." *See* McCormick, Evidence § 278 at 674 (2d ed. 1972). A fortiori, the safeguard against jail-planned, etc., perjury is the requirement of an appropriate degree of corroboration as a prerequisite to the admission of the hearsay declaration.

The federal rule provides that:

"A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Fed.R.Evid. 804(b)(3).

Most of the states that have extended the statement against penal interest exception to the hearsay rule to criminal cases have either adopted the federal rule verbatim[1] or in substance, by the use of similar expressions requiring independent evidence connecting the declarant with the crime and supporting the reliability of the statement.[2]

In 1923, Virginia adopted a rule permitting evidence of an extra-judicial confession, exculpatory of the accused, but limited the application of the rule to those cases wherein there was a showing of "anything substantial other than the bare confession to connect the declarant with the crime." *Hines v. Commonwealth*, 136 Va. 728, 748, 117 S.E. 843, 849 (1923). The Virginia rule was at issue in the case of *Ellison v. Commonwealth*, 219 Va. 404, 247 S.E.2d 685 (1978). The Supreme Court of Virginia noted that in determining the admissibility of such statements, the issue is not whether the declarant confessed to the proffered witness or whether that witness is reliable or trustworthy but rather whether the *content* of declarant's confession was reliable and trustworthy. In determining the admissibility of the statement in the case on trial, the Supreme Court of Virginia said, in part:

"[W]e search the record for indicia of trustworthiness in the form of evidence from other witnesses that Brown confessed to them, extrinsic evidence connecting him with the Marks crimes, or a satisfactory combination of both." 247 S.E.2d at 688.

In *State v. Higginbotham*, 298 Minn. 1, 212 N.W.2d 881 (1973), the Supreme Court of Minnesota said that it was, in essence, in accord with the federal rule, but expressed its own rule as follows:

"As with all exceptions to the hearsay exclusionary rule, a threshold test must be applied to determine the essential trustworthiness and credibility of the statement. Because hearsay statements tending to exculpate the accused must be regarded with suspicion, we hold that, to be admissible, declarations against penal interest must be proven trustworthy by

---

1. *Crawley v. Commonwealth*, 568 S.W.2d 927 (Ky.1978); Ariz.R.Evid. 804(b)(3); Me.R.Evid. 804(b)(3); Wis.R.Evid. § 908.045(4); Mich.R. Evid. 804(b)(3) [*see State v. Brown*, 85 Wis.2d 341, 270 N.W.2d 87 (1978)].

2. *State v. Larsen*, 91 Idaho 42, 415 P.2d 685 (1966); *People v. Bailey*, 56 Ill.App.3d 213, 14 Ill.Dec. 213, 371 N.E.2d 1266 (1978); *Common-*

*wealth v. Carr*, 373 Mass. 617, 369 N.E.2d 970 (1977); *State v. Higginbotham*, 298 Minn. 1, 212 N.W.2d 881 (1973); *Ellison v. Commonwealth*, 219 Va. 404, 247 S.E.2d 685 (1978); *State v. Young*, 89 Wash.2d 613, 574 P.2d 1171 (1978); *State v. Gardner*, 13 Wash.App. 194, 534 P.2d 140 (1975).

independent corroborating evidence that bespeaks reliability." *Id.* at 883.

Maryland admits hearsay statements made by declarant against his penal interest "unless it is clearly collusive, frivolous or otherwise obviously untrustworthy." *Dyson v. State*, 238 Md. 398, 407, 209 A.2d 609, 614 (1965).

■ This Court expressly rejects the rationale of the Maryland court that a statement against penal interest, standing alone, has sufficient "inherent indicium of trustworthiness" to justify its admission, absent proof that it is collusive, frivolous or otherwise obviously untrustworthy. *See Harris v. State*, 387 A.2d 1152, 1156 (Ct.Spec.App. Md.1978).

■ We adopt the threshold test articulated by the Supreme Court of Minnesota, to wit, that hearsay declarations against penal interest made by an unavailable [3] declarant, to be admissible, must be proven trustworthy by independent corroborative evidence that bespeaks reliability.

## II.

■ The crimes that defendant was charged with were committed on December 24, 1975. The statement against penal interest sought to be introduced was allegedly made by William Vonner, who had died prior to the trial of this case.

The confession was allegedly made to Darryl Dobbins, who was offered as a witness for defendant at trial. Testifying out of the presence of the jury, Dobbins said that Vonner came to his house on the night of December 22, 1975, asked about a gun and wanted Dobbins to "do something with him", implicitly participate in a robbery; that a few days later Vonner returned and told Dobbins that he and one Woods had robbed the Krystal Restaurant of approximately $100; that he drove the car and Woods went inside and committed the robbery and brought out a hostage; that they drove to the Beaman Lake area where Woods made the hostage take off her clothes. Dobbins testified that while in the Knox County jail in September 1977 he told a guy named "Little Man" about Vonner's statement, who in turn told defendant Smith, who was incarcerated in the Knox County jail at that time. Defendant's offer of proof also included evidence that Vonner died July 18, 1977.

That was the extent of the proof offered out of the presence of the jury and there was not one scintilla of evidence, independent of Dobbins' testimony, to corroborate the content of Vonner's confession that he participated with Woods in the commission of the offenses that defendant was charged with committing. Having failed the threshold test of the rule we adopt today, Dobbins' testimony was not admissible.

Defendant insists in essence that Dobbins' testimony, standing alone, is admissible under *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), and that its rejection violates defendant's federal constitutional right to due process of law. In *Chambers* an unusually strong set of corroborating circumstances were present. The declarant, McDonald, had given a sworn written confession that he committed the murder that was the subject of Chambers' trial, but repudiated that confession one month later at his own preliminary hearing. At Chambers' trial the state did not call McDonald as a witness and defendant's motion to call him as an adverse witness was denied. As Chambers' witness, McDonald's out-of-court sworn confession was admitted and read to the jury. On cross-examination the State elicited from McDonald the repudiation of that confession at his preliminary hearing and the lengthy story of what he had done on the night of the murder. Chambers renewed his motion for leave to cross examine McDonald as an adverse witness. The trial judge again denied his motion on the ground that McDonald's testimony was not adverse to Chambers because he did not point the finger at Chambers.

Chambers then sought to introduce three witnesses to whom McDonald had confessed

---

**3.** As defined in *Breeden v. Independent Fire Ins. Co., supra.*

that he killed the officer. Chambers also sought to introduce the testimony of a gun dealer who would have corroborated Carter, one of the three witnesses to whom McDonald had confessed. Carter's testimony was that McDonald told him that he had disposed of the .22-caliber revolver that he used to kill the officer later that night and Carter accompanied him to the gun dealer about three weeks after the killing where he purchased another .22-caliber revolver. The gun dealer would have testified that McDonald purchased a .22 revolver about one year prior to the murder and a second one about three weeks after the killing.

Apparently the trial court excluded the testimony of Carter, the other two hearsay witnesses and the gun dealer, on the premise that Chambers was attempting to impeach his own witness, McDonald. The Mississippi Supreme Court sustained the trial court, at least as to the three witnesses to whom McDonald had allegedly confessed, on hearsay grounds.

The Supreme Court traced the history of hearsay statements against penal interest with observations and conclusions similar to this Court's opinion in *Breeden* and herein. Immediately following its observation that some states continue to exclude hearsay statements against penal interest, the Supreme Court turned to the facts in *Chambers* and said:

"While that rationale has been the subject of considerable scholarly criticism, we need not decide in this case whether, under other circumstances, it might serve some valid state purpose by excluding untrustworthy testimony.

The hearsay statements involved in this case were originally made and subsequently offered at trial under circumstances that provided considerable assurance of their reliability. First, each of McDonald's confessions was made spontaneously to a close acquaintance shortly after the murder had occurred. Second, each one was corroborated by some other evidence in the case—McDonald's sworn confession, the testimony of an eyewitness to the shooting, the testimony that

McDonald was seen with a gun immediately after the shooting, and proof of his prior ownership of a .22-caliber revolver and subsequent purchase of a new weapon." 410 U.S. at 300, 93 S.Ct. at 1048.

The additional critical error the Supreme Court found in *Chambers* was the refusal to allow cross examination of McDonald as an adverse witness because of Mississippi's "voucher" rule. The ultimate conclusion of the court that Chambers was denied a trial, "[I]n accord with traditional and fundamental standards of due process" was predicated on the combination of the two errors, the adherence to the hearsay rule totally excluding statements against penal interest and the "voucher" rule. *Id.* at 302, 93 S.Ct. at 1049. The contention that *Chambers* requires the admission of uncorroborated hearsay statements against penal interest has no validity, and has been rejected by many courts, federal and state. *See Commonwealth v. Carr, supra.*

Defendant vigorously pursues with admirable advocacy his assertion that the evidence was insufficient to support the guilty verdict. We have thoroughly reviewed the disputed evidence in this record, and reach the same conclusion as the Court of Criminal Appeals, that defendant has not carried the burden of showing that the evidence preponderates in favor of his innocence.

Affirmed.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.

### ORDER

FONES, Justice.

The petition to rehear filed in the above-styled cause is denied.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.